1   Mary Shea Hagebols (SBN 113222)
2   SHEA LAW OFFICES
    1814 Franklin Street, Suite 2200
3   Oakland, CA 94612
    Tel: 510-208-4422
4   Fax: 415-520-9407
    shealaw@aol.com
5
6   Attorneys for Plaintiff JANET HALEY

7

8                    **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10                          **(San Francisco)**

11   JANET HALEY,                    Case No. **C10-03856**

12                    Plaintiff,     **COMPLAINT FOR DAMAGES**

13   vs.

14

15   COHEN & STEERS CAPITAL

16   MANAGEMENT, INC. , A New York    AMOUNT IN CONTROVERSY IN EXCESS

17   Corporation Doing Business in California;   OF $100,000

18   DAVID EDLIN, and individual, and DOES 1    **DEMAND FOR JURY TRIAL**

19   through 20,

20                    Defendants.

21

22

23

24

25

26

27

28

            **COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

                              - 1-

Plaintiff JANET HALEY hereby complains of Defendants COHEN & STEERS CAPITAL MANAGEMENT, INC. , A New York Corporation Doing Business in California; DAVID EDLIN, and individual, and DOES 1 through 20 for damages as follows:

## INTRODUCTION

1.     This action is brought on behalf of Plaintiff Janet Haley against Defendants COHEN & STEERS CAPITAL MANAGEMENT, INC. , A New York Corporation Doing Business in California ; DAVID EDLIN, and individual, and DOES 1 through 20.

2.     Plaintiff JANET HALEY, is a female who was at all times qualified to perform the duties and responsibilities of her position at COHEN & STEERS CAPITAL MANAGEMENT, INC., save and except for her need for reasonable accommodations and need for a medical leave due to her  due to her Medical Condition (Cancer [Lymphoma]), and  who was wrongful constructively terminated because she complained of sexual harassment, became disabled due to her Medical Condition (cancer) and required medical leave. Ms. HALEY was subjected to a campaign of harassment from her direct superior Defendant DAVID EDLIN and she was wrongfully constructively terminated on August 26, 2010 because the workplace had become so intolerable and toxic that no reasonable person would have continued to work there.

3.

## PARTIES

3.     Plaintiff JANET HALEY (hereinafter "Plaintiff" or "Plaintiff HALEY") is a female over age forty (40) who was, at all relevant times, and is, a resident of Marin County, California.  At all relevant times Plaintiff was an employee of Defendants, as more fully described below, although she was misclassified as an independent contractor.

4.     Defendant COHEN & STEERS CAPITAL MANAGEMENT, INC. is a New York Corporation (herein after "COHEN & STEERS") that does business throughout the State of California.  COHEN & STEERS CAPITAL MANAGEMENT, INC. has its headquarters at 280 Park Avenue, New York, New York .

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

5.    Plaintiff is informed and believes that Defendant DAVID EDLIN resides in the state of New York and was at all relevant time Plaintiff's direct supervisor and a managing agent of COHEN & STEERS.

6.    Plaintiff is informed and believes and thereon alleges that Defendants and each of them are responsible under the law in some manner for the unlawful actions and unlawful practices, complained of herein. Plaintiff will further amend her complaint to set forth the true names and capacities of Defendants, along with the appropriate charging allegations when the same have been ascertained.

7.    Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued (both named and DOE Defendants) was the successor in interest, predecessor in interest, agent, servant, employer, joint-employer, joint venturer, contractor, contractee, partner, division owner, owner, , co-owner, subsidiary, division, alias, and/or alter ego of each of the remaining defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, contract, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence and ratification of each remaining Defendants sued herein.

8.    On information and belief, Plaintiff alleges that at all times material to this Complaint, each of the Doe Defendants acted as the agent or employee of each other in doing the acts herein alleged, acting within the course and scope of said agency and/or employment and/or aided, abetted, cooperated with, and/or conspired with, each other to commit the acts herein alleged.

9.    Defendants, and each of them, were at all material times "employers" or joint-employers within the meaning of Title VII (42 U.S.C. § 2000e et seq); the American with Disabilities Act, the Family Medical Leave Act and the California Fair Employment and Housing Act ("FEHA") California Government Code § 12926(d), and as such prohibited from engaging in discrimination, harassment or retaliation against any employee based on sex or disability, requiring them to take all reasonable steps necessary to prevent discrimination and harassment from occurring, including taking immediate and appropriate corrective action in response to unlawful conduct.

### COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

- 3-

10.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents, employees, and/or co-conspirators, and/or under the direction and control, of each of the other Defendants; and that said acts and failures to act were within the course and scope of said agency, employment, conspiracy and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other as to the acts and omissions alleged herein.

## JURISDICTION AND VENUE

11.     Venue and jurisdiction is proper in this district pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1391 (venue). This Court has supplemental jurisdiction over Plaintiffs' California state law claims is proper pursuant to 28 U.S.C. § 1367.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     Plaintiff filed timely charges of discrimination with the California Department of Fair Employment and Housing (hereinafter "DFEH").

## EQUITABLE TOLLING

13.     Plaintiff's claims should be tolled during the period of time she was on her medical leave for her Medical Condition of cancer pursuant to the doctrine of equitable tolling.

## FACTUAL STATEMENT

14.     On February 1, 2007, Plaintiff HALEY joined Cohen & Steers as RVP of Northern California

15.     In February 2009 Defendant DAVID EDLIN joined Cohen & Steers and became Plaintiff HALEY's direct supervisor.

16.     On March 9-10, 2009, Defendant DAVID EDLIN made a sales call with Plaintiff HALEY.

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

17. On March 9-10, 2009, Defendant DAVID EDLIN told a Client that he (Defendant DAVID EDLIN) had just given Plaintiff HALEY additional territories – OR, WA & AK – Client and Plaintiff HALEY discussed plans for an event in Portland.

18. On March 9-10, 2009, Defendant DAVID EDLIN sent Plaintiff HALEY an email thanking Plaintiff HALEY and highlighting Plaintiff HALEY'S strengths.

19. On about March 11, 2009, Defendant DAVID EDLIN tells Chad Feilke (Southern California RVP) that he has given Plaintiff Haley OR, WA & AK and that Chad Feilke's territory is going to be adjusted northward.

20. On about March 25, 2009, Plaintiff Haley was working from home in order finalize plans for the new territories when Defendant DAVID EDLIN called her and asked if Plaintiff Haley was depressed and if Plaintiff Haley had break up sex with her boyfriend. Plaintiff Haley is shocked and offended, and objected to this unwanted sexually harassing comment and told Defendant DAVID EDLIN that he needed HR on the phone if he wanted to talk about Plaintiff Haley's personal life and if he wanted to talk about Plaintiff Haley's sex life he should have the Chairman on that call, too. Defendant DAVID EDLIN told Plaintiff that she is "lazy," that she is "not long for the firm" and "not qualified." In retaliation, Defendant DAVID EDLIN told Plaintiff HALEY that he changed his mind about OR, WA and AK.

21. On about June 3, 2009, Marty Cohen travels with Plaintiff HALEY and told Plaintiff HALEY he was impressed and proud to have Plaintiff HALEY on the team.

22. On about June 4, 2009, Marty Cohen raved about his time with Plaintiff HALEY in the field as the "best day he's ever spent with a wholesaler."

23. On about June 4, 2009, Plaintiff HALEY asked John McCombe for a territory change to DC metro because her father was seriously ill and she would like to be close to him to act as care giver. John McCombe said he would support Plaintiff HALEY, but Defendant DAVID EDLIN had to be the ultimate decision maker because Plaintiff reported to him. Plaintiff was denied transfer and was never given any information about California Family Rights Act or the Family Medical Leave Act.

**COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 5-

24. On about June 4, 2009, John McCombe called back later to ask Plaintiff HALEY to fly to New York for a sit down with Defendant COHEN & STEERS Human Resources Department ("HR") over the sexual harassment; Plaintiff HALEY took a red-eye to New York.

25. On about June 5, 2009, Plaintiff Haley sits down with Defendant Cohen & Steers HR to tell her side of story. Defendant DAVID EDLIN does the same. Then, Defendant Cohen & Steers HR sit them together and say they believe Defendant DAVID EDLIN'S comment was a simple mis-communication and that they must learn to work together

26. Defendant Cohen & Steers HR claim that they will do investigation;

27. Defendant DAVID EDLIN denies giving Plaintiff the new territories.

28. In June 2009 HR contacts Chad Feilke who tells them that Defendant DAVID EDLIN told him (Feilke) that Defendant DAVID EDLIN gave Plaintiff HALEY, WA, OR & AK .

29. On about June 18, 2009, HR informs Plaintiff HALEY that a letter was put in Defendant DAVID EDLIN'S file.

30. On about August 27, 2009 Defendant DAVID EDLIN retaliates and gives Plaintiff a defamatory and poor mid-year review. Plaintiff did not receive year end review as is required by Defendant Cohen& Steers handbook.

31. On about September 14-15, 2009, Defendant DAVID EDLIN makes sales calls with Plaintiff HALEY; client informs him that Plaintiff is highly respected by the #2 broker at Smith Barney and that Plaintiff is the only wholesaler for whom he offers an "open door" polity; Defendant DAVID EDLIN tells Plaintiff HALEY her clients "don't respect" Plaintiff HALEY.

32. On about November 10 and 11, 2009, two large trades come in (PLAINTIFF HALEY was paid for identical trades in May of 2009) and PLAINTIFF HALEY is not credited – PLAINTIFF HALEY follows up repeatedly with Defendant DAVID EDLIN to no avail.

33. On about December 16, 2009 Defendant DAVID EDLIN emails Plaintiff HALEY that he'll look into the trades in January (these trades would have made Plaintiff HALEY's ranking #4 or #5 for the year within COHEN & STEERS).

**COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 6-

34.     On about February 18, 2010 Defendant DAVID EDLIN  declines to pay Plaintiff HALEY or credit Plaintiff HALEY for the trades – normally trades are paid on 15th of month the following the trade.

35.     On about March 11, 2010 PLAINTIFF HALEY goes out on medical leave for cancer [lymphoma]  and Defendant DAVID EDLIN  calls her leave of absence a "lifestyle choice."

36.     On about May 25, 2010,  PLAINTIFF HALEY returns from cancer medical leave; Defendant DAVID EDLIN informs Plaintiff HALEY that, "This is not formal probation, but you should fully expect it"  and demands that PLAINTIFF HALEY triple her sales because brokers are "rushing back to equities."

37.     In August 2010 PLAINTIFF HALEY called HR asked if PLAINTIFF HALEY was on probation. HR told her "No." and PLAINTIFF HALEY advised that she was having a big test related to her cancer in a few weeks.

38.     On about August 18, 2010 PLAINTIFF HALEY calls HR and is informed that HR is were investigating Plaintiff HALEY for making disparaging comments about Defendants  (which is false).  HR further tells Plaintiff HALEY that they will be going outside the firm to investigate – though they declined to do that when PLAINTIFF HALEY claimed sexual harassment. HR tells Plaintiff HALEY that Chad Feilke did not corroborate Plaintiff's story re alleged disparaging comments and sexual harassment and retaliation investigation

39.     On about August 24, 2010 PLAINTIFF HALEY is told to resign or be fired.

40.     On about August 24, 2010 PLAINTIFF HALEY was scheduled to have  CT screening for cancer

## FIRST CLAIM FOR RELIEF-- SUPPLEMENTAL

(Gender Discrimination in Violation of California Fair Employment and Housing Act (California Government Govt. Code § 12940 et. seq.))

41.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint.  As a separate and distinct supplemental claim for relief, Plaintiff complains against Defendants as follows:

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

42. This supplemental claim for relief is being made pursuant to California Government Code §§ 12900, 12921, 12926, 12940 and 12965 [collectively referred to as "FEHA"]. Defendants are not exempted from the statutes cited in this paragraph by any local, state or federal laws.

43. Defendants regularly employed more than five employees, and are subject to suit under FEHA for conduct prohibited thereby.

44. The plaintiff is a member of a class protected by FEHA. She is female.

45. At all times herein relevant, Plaintiff's job performance was always satisfactory and was usually excellent.

46. As a result of the aforesaid discriminatory acts, Plaintiff has suffered and is continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount which is currently un-ascertained. Plaintiff faces a substantial diminution of her future earning capacity in an amount which is currently unascertained. Plaintiff will request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained, or upon proof at the time of trial. As a result of the aforesaid act of discriminatory acts, Plaintiff has been held up to great derision and embarrassment with fellow workers, friends, members of the community and family, and has continued to suffer emotional distress.

47. Plaintiff is informed and believes that the Defendants and its management acted deliberately for the purposes of injuring her.

48. Defendants, by and through its managing agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct was likely to result in additional, severe mental distress.

49. Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at time of trial.

50. Plaintiff is informed and believes and thereon alleges that this cause of action is not preempted by the California Workers' Compensation Act on the grounds that employment discrimination on the basis of gender is not a risk or condition of employment.

51. Because of the wrongful acts of Defendant as herein above alleged, Plaintiff has been and/or will in the future be required to employ physicians and mental health care professionals to

**COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 8-

examine, treat and care for her and will incur additional medical expenses in an amount to be proven at the time of trial.

52.     In doing the acts set forth above, Defendant and its managing agents acted as herein alleged with a conscious disregard of Plaintiff's right to be free from discrimination based on medical leave. Defendant acted, as alleged, with the malicious intention of depriving Plaintiff of employment opportunities and benefits that must be accorded to all employees regardless of their disabilities.

53.     Defendant has retained, promoted and coddled employees and managers known by it to be vicious in that they are prejudiced against employees with disabilities. This conduct by Defendant was, and is, despicable, cruel and oppressive. The plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial.

54.     In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code § 12965(b), she is entitled to and hereby requests an award of attorney fees and costs of suit.

WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

## SECOND CLAIM FOR RELIEF-- SUPPLEMENTAL

### Violation of California Fair Employment and Housing Act ("FEHA"): Discrimination based on Disability/Medical Condition

55.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains against all Defendants as follows:

56.     Plaintiff was a qualified person with a disability/medical condition, in that she could perform the duties of her job with reasonable accommodations.

57.     At all time herein mentioned, California Government Code § 12900 *et seq.* was in full force and effect and binding upon Defendants and each of them. Said statute, among others, requires Defendants to refrain from discrimination against employers on the basis of disability/medical condition, among other things.

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

58. California Fair Employment and Housing Act, California Government Code § 12940 (a), makes it an unlawful employment practice to discriminate against an employee based on a disability/medical condition (cancer).

59. Defendants, and each of them, discriminated against Plaintiff because of her disability as alleged above. In particular, Defendants mistreated Plaintiff in, among others, the following regards: failure to provide benefits of employment, treating Plaintiff differently in the terms and conditions of her employment, failing to accommodate Plaintiff, failing to protect Plaintiff from retaliation, terminating Plaintiff without good cause, and/or for pretexual reason, and other acts or failure to act.

60. The actions of Defendants were cruel, despicable, and outrageous and in conscious disregard of the rights and safety of Plaintiff.

61. Because of Defendants' mistreatment, as alleged herein, Plaintiff suffered and continues to suffer damages, in the form of lost and future wages and benefits, severe emotional distress, anxiety, and humiliation, the exact amount of which will be proven at trial.

62. Defendants' conduct was willful, wanton, malicious, oppressive and/or undertaken with reckless disregard for the rights of others and the above conduct constitutes a continuing violation of the law. Defendants ratified, condoned and adopted the actions of their managing agents.

63. By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for himself and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses. California Code of Civil Procedure §1021.5 and California Government Code §12900 *et seq.*

WHEREFORE, Plaintiff requests relief as set forth in the Prayer.

///

///

///

///

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

## THIRD CLAIM FOR RELIEF-- SUPPLEMENTAL

### Violation of California Fair Employment and Housing Act ("FEHA"): Failure to Accommodate Disability/Medical Condition

64.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains against all Defendants as follows:

65.     Defendants violated California Government Code § 12940 (m) with regard to Plaintiff when it failed to provide Plaintiff with reasonable accommodation for a known disability and/or medical condition.

66.     Because of Defendants' mistreatment, as alleged herein, Plaintiff suffered and continues to suffer damages, in the form of lost and future wages and benefits, severe emotional distress, anxiety, and humiliation, the exact amount of which will be proven at trial.

67.     Defendants' conduct was willful, wanton, malicious, oppressive and/or undertaken with reckless disregard for the rights of others and the above conduct constitutes a continuing violation of the law. Defendants ratified, condoned and adopted the actions of their managing agents.

68.     By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for himself and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses. California Code of Civil Procedure §1021.5 and California Government Code §12900 *et seq.*

WHEREFORE, Plaintiff requests relief as set forth in the Prayer.

## FOURTH CLAIM FOR RELIEF-- SUPPLEMENTAL

### Violation of California Fair Employment and Housing Act ("FEHA"): Disability/Medical Condition Harassment

69.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains against all Defendants as follows:

### COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

- 11-

70.     Plaintiff was a qualified person with a disability, in that he could perform the duties of his job with reasonable accommodations.

71.     The California Fair Employment and Housing Act, California Government Code §§ 12940 (j)(1), makes it unlawful for any employer to harass and employee based on actual or perceived disability.

72.     Defendants harassed Plaintiff based on actual or perceived disability/medical condition or need for accommodation.

73.     Because of Defendants' mistreatment and wrongful actions toward Plaintiff, because of his disability/medical condition or need for accommodation, as alleged herein, Plaintiff suffered and continues to suffer damages, in the form of lost and future wages and benefits, severe emotional distress, anxiety, and humiliation, the exact amount of which will be proven at trial.

74.     Defendants' conduct was willful, wanton, malicious, oppressive and/or undertaken with reckless disregard for the rights of others and the above conduct constitutes a continuing violation of the law. Defendants ratified, condoned and adopted the actions of its managing agents.

75.     By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for himself and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses. California Code of Civil Procedure §1021.5 and California Government Code §12900 *et seq*.

WHEREFORE, Plaintiff requests relief as set forth in the Prayer.

## FIFTH CLAIM FOR RELIEF-- SUPPLEMENTAL

## Violation of California Fair Employment and Housing Act ("FEHA"): Failure to Engage in The Interactive Process

76.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains against all Defendants as follows:

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

- 12-

77.     California Fair Employment and Housing Act, California Government Code § 12940 (n) *et seq.*, provides that it is an unlawful employment practice for an employer to fail to make or engage in a timely good faith interactive process with an employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodations, if any, by an employee or applicant with a known physical or mental disability or known medical condition.

78.     Defendants violated California Government Code § 12940 (n) with regard to Plaintiff when it failed to engage Plaintiff in a timely good faith interactive process to determine reasonable accommodations for a known disability and/or medical condition.

79.     As direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

80.     Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys fees, medical expenses, fixture earnings and benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to proof.

81.     Defendants committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

82.     By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for himself and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses. California Code of Civil Procedure §1021.5 and California Government Code §12900 *et seq.*

WHEREFORE, Plaintiff prays for relief as set forth herein.

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

## SIXTH CLAIM FOR RELIEF-- SUPPLEMENTAL

## Violation of California Fair Employment and Housing Act ("FEHA"): Failure to Prevent Discrimination and Harassment

83.    Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains against all Defendants as follows:

84.    California Fair Employment and Housing Act, Government Code Section 12940 (k), places on employers an affirmative, statutory obligation to take all reasonable steps to prevent unlawful discrimination and harassment from occurring.

85.    Defendants failed to take reasonable steps to ensure that discrimination and harassment would not occur in the workplace.

86.    As a direct, foreseeable and legal result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses and other employment benefits, in addition to expenses incurred in obtaining alternative employment, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial.

87.    Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

88.    By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for himself and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses. California Code of Civil Procedure §1021.5 and California Government Code §12900 *et seq.*

WHEREFORE, Plaintiff requests relief as set forth in the Prayer.

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

- 14-

## SEVENTH CLAIM FOR RELIEF-- SUPPLEMENTAL

### Violation of California Fair Employment and Housing Act ("FEHA"): Retaliation

89. Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains as follows:

90. Defendants retaliated against Plaintiff for having engaged in a protected activity by objecting to mistreatment because of sexual harassment, gender, disability/medical condition, objecting to FMLA/CFRA violations, expecting Defendants to honor and abide laws designed to protect employee rights, causing or contributing to Plaintiff's hostile work environment.

91. As a direct, foreseeable and legal result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses and other employment benefits, in addition to expenses incurred in obtaining alternative employment, and has suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial.

92. Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

93. By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for himself and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses. California Code of Civil Procedure §1021.5 and California Government Code §12900 *et seq*.

WHEREFORE, Plaintiff requests relief as set forth in the Prayer.

///

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

- 15-

## EIGHTH CLAIM FOR RELIEF-- SUPPLEMENTAL

## Violation of California Family Rights Act ("CFRA"): Retaliation

94.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains against all Defendants, as follows:

95.     California Family Rights Act ("CFRA"), Cal. Gov't Code §12945.2 (l), requires employers not to discharge, or otherwise discriminate against any employee on the basis of the need to take a leave of absence for a *bona fide* serious health condition and to place that employee in the same or comparable position when he returns to work.

96.     Defendants' discriminatory mistreatment of Plaintiff in the terms and conditions of her employment as alleged herein, including termination, as described above, constitutes unlawful act in violation of the California Family Rights Act § 12945.2 ("CFRA").

97.     As a direct, foreseeable and legal result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses and other employment benefits, in addition to expenses incurred in obtaining alternative placement, and has suffered and continues to suffer humiliation embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial.

98.     Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees of Defendants acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

99.     By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for himself and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses. California Code of Civil Procedure §1021.5 and California Government Code §12900 *et seq.*

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff prays for relief as set forth herein.

## NINTH CLAIM FOR RELIEF-- SUPPLEMENTAL

### Intentional Infliction of Emotional Distress

100.    Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains against Defendants as follows:

101.    This is an action for damages pursuant to the common law of the State of California as mandated by the California Supreme Court in the decision of *Rojo v. Kliger* (1990) 52 Cal. 3d 65.

102.    The acts of the managers of Defendants as described above were extreme and outrageous. This includes, but is not limited to, paying Plaintiff less than her male counterparts, treating her differently because of her gender and her disability (cancer [lymphoma]) in the terms and conditions of her employment, and terminating her when she complained about compensation issues. Even after Plaintiff was terminated, Defendants continued to engage in hurtful and outrageous conduct that Defendants knew or should have known  would cause Plaintiff emotional distress.

103.    Such extreme and outrageous acts did in fact cause Plaintiff severe emotional distress.

104.    As a proximate result of such extreme and outrageous acts, Plaintiff has suffered emotional distress, humiliation and embarrassment. Plaintiff's emotional distress has emerged in the form of acute anxiety, sleeplessness, panic attacks, depression, fear of losing her home and been unable to care for her mother, and becoming withdrawn.  Plaintiff is informed and believes that Defendants acted deliberately for the purpose of causing her to suffer emotional distress. Defendant further acted intentionally and unreasonably because Defendant knew and/or should have known that their conduct was likely to result in and exacerbate severe mental distress.  Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

105.    Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages in an amount to be proven at trial.

### COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

- 17-

WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

## TENTH CLAIM FOR RELIEF-- SUPPLEMENTAL

### Defamation

106. Plaintiff, individually, incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As an tenth, separate and distinct supplemental claim for relief, Plaintiff complains against Defendants and each of them as follows:

107. Plaintiff is informed and believes, and therefore alleges, that Defendants, and each of them, recklessly and intentionally caused excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons. In particular, the performance review was defamatory on its face. Further, allegations that Plaintiff made derogatory comments about Defendants were untrue. These false and defamatory statements included express and implied accusations that Plaintiff was incompetent in his work, profession or trade.

108. These statements were defamatory per se insofar as they related to Plaintiff's qualifications in his professions and trades and accused Plaintiff of dishonesty.

109. While the precise date of all these publications are not known to Plaintiff, Plaintiff is informed and believe that these various publications started in or about August 27 or 28, 2009 and continues to present and possible thereafter, are retained in Plaintiff's personnel file and that it was foreseeable that they would be re-published by the Defendants and each of them.

110. Plaintiff is informed and believes, and on that basis alleges that these publications and re-publications of defamatory statements continue to be made by Defendants and each of them, to the injury to Plaintiff.

111. In addition, Plaintiff has been compelled to self-disclose false information pertaining to these untrue statements when each was seeking alternative employment. Plaintiff is informed and believes that the negligent, reckless, and intentional publications made by Defendants, and each of them, that it was foreseeable that these statements would be published and re-published.

112. During the above-described time-frame, Defendants conspired to and did negligently, recklessly and intentionally cause excessive and unsolicited publication of defamation, of and

### COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

concerning Plaintiff, to third persons who had no need or desire to know. Those third persons to whom these Defendants published this defamation are believed to include, but are not limited to Defendants, and each of them, as well as the Doe Defendants.

113. The defamatory publications consisted or oral, knowingly false and unprivileged communications, tending directly to injure Plaintiff and her personal, business and professional reputation.

114. In addition, Plaintiff has been compelled to self-disclose this false information and untrue statements. Plaintiff is informed and believes that the negligent, reckless, and intentional publications made by Defendants, and each of them, that it was foreseeable that these statements would be published and re-published.

115. During the above-described time-frame, Defendants conspired to and did negligently, recklessly and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons who had no need or desire to know. Those third persons to whom these Defendants published this defamation are believed to include, but are not limited to Defendants, and each of them, as well as the Doe Defendants.

116. The defamatory publications consisted of oral, written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and her personal, business and professional reputation.

117. Plaintiff is informed, believes and fears that these unprivileged defamatory statements will continue to be published by Defendants, and each of them, and will be re-published by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional and personal reputation.

118. The defamatory meaning of all the above-described, false and defamatory statements and their reference to Plaintiff was understood by the Defendants and each of them. These statements were false and were understood as assertions of fact, and not as opinion.

119. Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege. These publications, and each of them, were made with hatred, ill will, and an

**COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 19-

intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, and to cause further damage to Plaintiff's professional and personal reputation, for the purpose of causing Plaintiff to be terminated and in retaliation for reporting and opposing discrimination.

120. Each of these publications by Defendants was made with the knowledge that no investigation supported the unsubstantiated and obviously false statements. Defendants published these statements knowing them to be false and unsubstantiated by any reasonable investigation and the product of hostile witnesses. Not only did Defendants have no reasonable basis to believe these statements, they also had no belief in the truth of these statements and, in fact, knew the statements to be false.

121. Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and fraud and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as set forth herein

## PRAYER FOR DAMAGES

1. For general damages;

2. For medical and related expenses in a sum according to proof at the time of trial;

3. For loss of earnings and benefits, present and future, and impaired earning capacity, in a sum according to proof at the time of trial;

4. For interest as allowed by law;

5. For compensatory damages, including loss of reputation, in a sum to be determined at the time of trial;

6. For punitive damages in an amount to be determined at the time of trial.

## COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

- 20-

1   7.     For attorneys' fees and other remedies under Government Code section 12965(b) and

2   California Code of Civil Procedure § 1021.5.

3   8.     For costs and expenses of suit herein incurred;

4   9.     For such other and further relief as the Court may deem just and proper.

5

6   DATED:     August ___, 2010         SHEA LAW OFFICES

7

8

9                   By:

10                         Mary Shea Hagebols, Esq.

11                         Attorney for Plaintiff Janet Haley

12

13

14                       **REQUEST FOR JURY TRIAL**

15

16

17   Plaintiff Janet Haley hereby requests a jury trial in the within matter.

18

19

20   DATED:     August ___, 2010         SHEA LAW OFFICES

21

22

23

24

25                   By:

26                         Mary Shea Hagebols, Esq.

27                         Attorneys for Plaintiff Janet Haley

28

**COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**