Mary Shea Hagebols (SBN 113222)
Minal J. Belani (SBN 254229)
SHEA LAW OFFICES
1814 Franklin Street, Suite 2200
Oakland, CA 94612
Tel: 510-208-4422
Fax: 415-520-9407
shealaw@aol.com

Attorneys for Plaintiff Janet Haley

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## (San Francisco)

| | |
|---|---|
| JANET HALEY,<br><br>                          Plaintiff,<br><br>vs.<br><br>COHEN & STEERS CAPITAL<br>MANAGEMENT, INC., A New York<br>Corporation Doing Business in California; and<br>DAVID EDLIN, an individual.<br><br>                          Defendants. | Case No. C10-03856<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>**DAMAGES**<br><br>1.  Violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C 2000(e) *et. seq*.<br>2.  Violation of the Americans With Disabilities Act, 42 U.S.C. 12101 *et seq* :<br>3.  Violation of California Fair Employment and Housing Act (California Govt. Code § 12940, *et. seq*.) Disability and Gender Discrimination;<br>4.  Violation of California Fair Employment and Housing Act ("FEHA"): Disability and Gender Harassment<br>5.  Violation of Fair Employment and Housing Act ("FEHA"): Retaliation<br>6.  Intentional Infliction of Emotional Distress<br>7.  Defamation<br>8.  Wrongful Termination in Violation of Public Policy |

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

1
2
3
4

AMOUNT IN CONTROVERSY IN EXCESS

OF $100,000

**DEMAND FOR JURY TRIAL**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

Plaintiff Janet Haley hereby complains of Defendants Cohen & Steers Capital Management, Inc., a New York Corporation doing business in California and David Edlin, an individual, for damages as follows:

## INTRODUCTION

1.  This action is brought on behalf of Janet Haley ("Janet Haley") against Defendants Cohen & Steers Capital Management, Inc., A New York Corporation doing business in California; and David Edlin, an individual.

2.  Janet Haley, is a female who was at all times qualified to perform the duties and responsibilities of her position at Cohen & Steers Capital Management, Inc., save and except for her need for reasonable accommodations and a need for medical leave, due to her medical condition: Cancer [Lymphoma].   Janet Haley was wrongfully constructively terminated because she complained of sexual harassment and retaliation, became disabled due to her medical condition (cancer), and because she took a medical leave of absence for cancer treatment and stress.

3.  While employed by Cohen & Steer, Janet Haley experienced various forms of retaliation for her complaints about Defendant Edlin. For example, Janet Haley was denied a transfer to Washington, D.C. so she could participate in being a caregiver to her seriously ill father.

4.  Janet Haley was subjected to a campaign of retaliation by her direct superior Defendant David Edlin after complaints were made on Janet Haley's behalf about his sexual harassment and retaliation.

5.  In an effort to force Janet Haley to resign, Defendants made up untrue and dishonest claims against Janet Haley. Specifically, Defendant falsely accused Janet Haley of making

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 3 -

1   disparaging remarks about Defendants at a restaurant in San Francisco.  Janet Haley was

2   told she was being "investigated" as a result of these alleged statements.  Shortly thereafter,

3   Janet Haley was told she could resign or be terminated.  This was the final straw for Janet

4   Haley who involuntarily resigned under protest (was wrongfully constructively terminated)

5   on about August 25, 2010.

6

7

8                                        **PARTIES**

9

10  6.  Janet Haley is a female over age 40 who was, at all relevant times, a resident of City and

11      County of San Francisco and Marin County.  Janet Haley was diagnosed with lymphoma

12      (cancer) in November 2009.  At all relevant times Janet Haley was a disabled employee of

13      Defendant Cohen & Steers Capital Management, Inc., who was otherwise qualified to

14      perform her duties and responsibilities of her position save and except for some limited and

15      reasonable accommodations.

16

17  7.  Defendant Cohen & Steers Capital Management, Inc. is a New York Corporation

18      (hereinafter "Cohen & Steers") that does business throughout the State of California.

19      Cohen & Steers maintains its headquarters at 280 Park Avenue, New York, New York.

20      Defendant Cohen & Steers is vicariously liable for the actions of is managing agent and

21      managerial employee, Defendant David Edlin.

22

23  8.  Janet Haley is informed and believes that Defendant David Edlin resides in the state of

24      New York and was, at all relevant times, Janet Haley's direct supervisor and a managing

25      agent of Cohen & Steers.

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 4 -

9. Janet Haley is informed and believes and thereon alleges that Defendants and each of them are responsible under the law in some manner for the unlawful actions and unlawful practices, complained of herein.

10. Defendants, and each of them, were at all material times "employers" or joint-employers within the meaning of Title VII (42 U.S.C. § 2000e *et seq*); the Americans with Disabilities Act ("ADA") 42 U.S.C. §12101 *et seq.*, and the California Fair Employment and Housing Act, California Government Code § 12926(d) ("FEHA"), and as such are prohibited from engaging in discrimination, harassment or retaliation against any employee based on sex, disability, request for accommodation. The law requires that Defendants take all reasonable steps necessary to prevent discrimination and harassment from occurring, including taking immediate and appropriate corrective action in response to unlawful conduct.

11. Janet Haley is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents, employees, and/or co-conspirators, and/or under the direction and control, of each of the other Defendants; and that said acts and failures to act were within the course and scope of said agency, employment, conspiracy and/or direction and control.

12. Janet Haley is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other as to the acts and omissions alleged herein.

## JURISDICTION AND VENUE

13. Venue and jurisdiction are proper in this district pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1391 (venue).

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

14. Further, this Court has federal question jurisdiction over this action pursuant to Title VII (42 U.S.C. § 2000e *et seq*) and the Americans with Disabilities Act ("ADA") 42 U.S.C. §12101 *et seq.*,

15. Federal Court has supplemental jurisdiction over Janet Haley's California state law claims is proper pursuant to 28 U.S.C. § 1367.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Janet Haley filed timely charges of discrimination with the federal Equal Employment Opportunity Commission (hereinafter "EEOC") and the California Department of Fair Employment and Housing (hereinafter "DFEH").

17. Janet Haley has received the requisite Right to Sue Notices from these agencies.

## FACTUAL STATEMENT

A.   BACKGROUND.

18. Janet Haley was born in Wilmington, Delaware, where she grew up until she left for college at Marymount College in Tarrytown, New York (now part of Fordham University and known as "Marymount College of Fordham University").

19. Janet Haley graduated with Honors in International Business and Political Science.

20. Thereafter, Janet Haley commenced her professional career while working on her Masters in Business Administration at University of Maryland, which she did not complete due to work demands.

FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

21. Janet Haley began her profession with in 1995, working as an internal wholesaler of financial products. Thereafter, she was promoted to higher positions and had a strong reputation in the financial securities industry.

22. Janet Haley co-authored the book *"Value Investing for Dummies."*

**B.    JANET HALEY JOINS COHEN & STEERS CAPITAL MANAGEMENT, INC. AND BECOMES ITS FIRST FEMALE REGIONAL VICE PRESIDENT.**

23. In 2006, Janet Haley was contacted by recruiter, Tracee Cannon for Defendant Cohen and Steers and headhunted to join the Company.

24. On February 1, 2007, Janet Haley joined Cohen & Steers as Regional Vice President of Northern California.

25. Janet Haley developed an extensive amount of business for Defendant Cohen & Steers.

26. After her first full year, Janet Haley was ranked top 3 or 4 on the Cohen & Steers leader board.

27. Janet Haley did not have a traditional "9 to 5" schedule and spent many nights and weekends prospecting and developing clients.

28. Like any other professional with a demanding work schedule, Janet Haley had to juggle her personal life with her professional demands.

29. As the Company was headquartered in New York, Janet Haley often had to work New York hours even though she was located in San Francisco.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

30. Janet Haley loved to work and repeatedly received positive reviews from her colleagues and supervisors.

**C.    MAY 2008: JANET HALEY AWARDED $150,000 IN STOCK UNITS.**

31. In about May 2008, Janet Haley received high praise in the form of compensation. Specifically, she was awarded a Hundred and Fifty Thousand Dollars ($150,000) in stock units; the highest Defendant Cohen & Steers awarded to an employee as a "performance based" award.

**D.    FEBRUARY 2009:  DEFENDANT DAVID EDLIN JOINS COHEN & STEERS.**

32. In about February 2009 Defendant David Edlin joins Cohen & Steers and became Janet Haley's direct supervisor.

33. On about March 9 and/or 10, 2009, Defendant David Edlin made sales calls with Janet Haley in California.

34. On about March 9 and/or 10, 2009, Defendant David Edlin told Janet Haley's client that he (Defendant David Edlin) had just given Janet Haley additional territories – Oregon, Washington and Alaska.  Subsequently, the client and Janet Haley discussed plans for an event in Portland.

35. On about March 9 and/or 10, 2009, Defendant David Edlin sent Janet Haley an email thanking Janet Haley for her contributions to Defendant Cohen & Steers, and highlighting Janet Haley's strengths.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 8 -

36. On about March 10 and/or 11, 2009, Defendant David Edlin informed Chad Feilke
(Defendant Cohen & Steers Southern California Regional Vice President) that he has given
Janet Haley additional territories (Oregon, Washington and Alaska) and that Chad Feilke's
territory is adjusted northward.

37. On about March 25, 2009, while Janet Haley was working from home in order finalize
plans for the new territories, Defendant David Edlin called Janet Haley. During the
telephone call, Defendant David Edlin asked if Janet Haley was depressed and if Janet
Haley had break up sex with her boyfriend. Janet Haley was shocked and offended. Janet
Haley objected to this unwanted sexually harassing comment and told Defendant David
Edlin that he needed to put Defendant Cohen & Steers Human Resources Department on
the call. Furthermore, if Defendant David Edlin wanted to talk about Janet Haley's personal
or sex life, then Defendant David Edlin should put the Chairman on that call, too.

38. Defendant David Edlin became incensed and said that Janet Haley was "lazy," that she was
"not long for the firm," and was "not qualified."

39. In a transparent act of spite and retaliation, Defendant David Edlin told Janet Haley that he
changed his mind about giving Janet Haley additional territories (Oregon, Washington and
Alaska).

40. Shortly thereafter, Janet Haley called Terry Ober, Product Specialist, and shared the events
which occurred with David Edlin, including his sexually harassing remarks and retaliation.

41. By sharing the events that occurred with David Edlin, Janet Haley was merely seeking
morale support and guidance from Mr. Ober who was considered to be a highly regarded
long term employee of Defendant Cohen & Steers. Specifically, Janet Haley needed

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

guidance because she was worried that Defendant Edlin would harm her career at Defendant Cohen & Steers.

42. Janet Haley is informed and believes that sometime between March 25, 2009 and June 4, 2009, one or more of Janet Haley's coworkers or superiors, who were at the Vice President level or above, made an internal sexual harassment complaint to Defendant Cohen & Steers about Defendant David Edlin's statements and accusations towards Janet Haley including his subsequent retaliation.

43. On about June 3, 2009, Martin Cohen, Co-Chairman of Defendant Cohen & Steers travelled with Janet Haley. Mr. Cohen told Janet Haley that he was impressed and proud to have Janet Haley on the team.

44. Janet Haley is informed and believes that on about June 4, 2009, Martin Cohen raved to third parties about his working experience with Janet Haley in the field. Janet Haley is informed and believes that Mr. Cohen told others that it was the, *"Best day I've ever spent with a wholesaler."*

45. On or about June 4, 2009, Janet Haley spoke with John McCombe, Director of Sales, about Martin Cohen's visit to Northern California. John McCombe was very happy with Janet Haley's performance. John McCombe said that Janet Haley was a valued member of the team.

46. During the same conversation on or about June 4, 2009, Janet Haley asked John McCombe for a territory change to the Washington, D.C. metro area in order to be closer to her seriously ill father. Janet Haley wanted to be close to her father so she could participate as a care giver. John McCombe said he would support Janet Haley but that the ultimate decision was up to Defendant David Edlin because Janet Haley reported to him.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

47. Janet Haley is informed and believes that a few hours after her conversation with John McCombe, he called Janet Haley again.  Only this time, Mr. McCombe told Janet Haley that she needed to fly back to New York City because a complaint had been made against David Edlin and that Cohen and Steers Human Resources needed to speak with Janet Haley.

48. On or about June 4, 2009, Janet Haley took the "red eye" flight to New York City. On or about June 5, 2009, Janet Haley met with John McCombe and Michelle Nolty (Human Resources) at Defendant Cohen & Steers headquarters (New York).   During the meeting, Janet Haley was asked about what happened in the phone call between Defendant Edlin and Janet Haley. Janet Haley believes Ms. Nolty took copious notes of this meeting.

49. Janet Haley was very emotional and upset during the meeting as she did not want this to undermine her career with Defendant Cohen & Steers. Prior to this meeting Janet Haley was well performing and was at the top of the leader board in terms of ranking.

50. Apparently, Defendant David Edlin met with Mr. McCombe and Ms. Nolty, as well. Next, Defendant Cohen & Steers Human Resources Department had Janet Haley and Defendant David Edlin **meet** together.  This was extremely uncomfortable for Ms. Haley.  In the meeting, Defendant David Edlin emphatically denied giving Janet Haley the new territories (thus, he could not have retaliated by taking them away).

51. Defendant Cohen & Steers Human Resources told Janet Haley that they believed Defendant David Edlin's sex comment was a simply a "miscommunication" and that they "must learn to work together."  John McCombe was supportive of Janet Haley and was hoping he could make it work out between Defendant David Edlin and Janet Haley.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 11 -

52. Subsequently, Defendant Cohen & Steers Human Resources Department claimed that they would do an investigation into Defendant Edlin's claims regarding the territories, but nothing was done.

53. At Janet Haley's urging, Defendant Cohen & Steers Human Resources Department finally contacted Chad Feilke who corroborated Janet Haley's version of events; that Defendant David Edlin told Mr. Feilke that Defendant David Edlin gave Janet Haley new territories (Washington, Oregon and Alaska). The investigation failed to include a call to the client who was also informed by Defendant David Edlin that Janet Haley was given new territories.

54. Incredibly, on about June 18, 2009, Defendant Cohen & Steers Human Resources, subsequently informs Janet Haley that "a letter" about "the incident" would be put in Defendant David Edlin's "file."

E. **EMPOWERED BY DEFENDANT COHEN & STEERS' INACTION, DEFENDANT EDLIN CONTINUES TO RETALIATE AGAINST JANET HALEY.**

55. On about August 27, 2009, not long after the meeting with Defendant Cohen & Steers Human Resources Department about the sexual harassment and retaliation issues, and Defendant's incident letter, Defendant David Edlin retaliated against Janet Haley by giving her a defamatory and poor mid-year review. Specifically Defendant Edlin told Janet Haley that she was not a top-performer and had "communication issues."

56. Janet Haley did not receive year-end review as is required by Defendant Cohen & Steers handbook.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

57. In about September 2009 14 to 15, Defendant David Edlin made a sales call with Janet Haley. Defendant's client informed Defendant David Edlin that Janet Haley was highly respected by a top broker at a client firm and that Janet Haley was the only wholesaler for whom this top broker offered an "open door" policy. Janet Haley is informed and believes that this lauding of Janet Haley infuriated Defendant David Edlin.

58. Shortly thereafter, Defendant David Edlin told Janet Haley that her clients "don't respect" her. Defendant David Edlin berates Janet Haley by saying that none of the clients took notes when she spoke.

59. On about November 10 and 11, 2009, two large trades came into Defendant Cohen & Steers. Janet Haley was paid for identical trades in May of 2009. Janet Haley should have been credited with these 2009 trades, but Defendant David Edlin, in his continuing campaign of harassment and retaliation, refused to credit Janet Haley with the trades. Janet Haley followed up (repeatedly) with Defendant David Edlin in an effort to have this rectified to no avail.

60. On about December 16, 2009, Defendant David Edlin emailed Janet Haley to say that that he would "look into" the trades in January 2010.

61. On about February 18, 2010 Defendant David Edlin declined to either pay Janet Haley, or credit Janet Haley for the trades (normally trades are paid on 15th of month the following the trade).

62. These trades would have made Janet Haley's ranking at Defendant Cohen & Steers either No. 4 or No. 5 for the year.

F. **NOVEMBER 9, 2009 JANET HALEY IS DIAGNOSED WITH CANCER [LYMPHOMA]**

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 13 -

63. On November 9, 2009 Janet Haley was diagnosed with cancer [Lymphoma].

64. Janet Haley did not inform anyone at Defendant Cohen & Steers that she had cancer until after the Thanksgiving holiday.

65. Between November 2009 through March 2010, Janet Haley continued to work for Defendant Cohen & Steers while being treated for cancer including chemotherapy.

66. By December 2009 the harsh chemotherapy caused Janet Haley to lose all her hair, yet she continued to work.

67. Janet Haley was afraid to take medical leave as she feared she would lose her job with Defendant Cohen & Steers.

68. Janet Haley Haley's medical doctor requested Janet Haley to take medical leave for both stress and cancer and warned Janet Haley, ***"You can't fight cancer and your boss at the same time."***

69. On about March 11, 2010 Janet Haley could not take the stress of working under Defendant David Edlin and agreed to go on medical leave to continue her fight against cancer and to seek relief from the emotional distress Defendant David Edlin had been causing her.

70. Around late February or early March 2010, Janet Haley discussed her prospective leave of absence with Defendant David Edlin. Incredibly, David Edlin referred to her medical leave of absence as a "lifestyle issue" and equated it to a junior partner who wanted time off to coach volley ball.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 14 -

71. While on medical leave, Janet Haley contemplated the quality of her life under the supervision of Defendant David Edlin and seriously questioned whether returning to Defendant Cohen & Steers was in the best interest of her health and well-being. Janet Haley seriously considered leaving Cohen & Steers. Ultimately, Janet Haley decided she would not let cancer or David Edlin beat her. So after her leave of absence, Janet Haley continued her work with Defendant Cohen & Steers.

72. While on medical leave, Janet Haley continued to maintain her client relations and performed work sporadically for the benefit of Defendant Cohen & Steers.   Defendant David Edlin was aware of this fact and berated Janet Haley for her dedication. While on medical leave, Defendant David Edlin requested that email be diverted away from her. Janet Haley strongly objected.  Defendant Edlin tried mightily to deny Janet Haley her email access but ultimately he was not successful.  Defendant David Edlin asked Janet Haley why she cared what happened at Defendant Cohen & Steers while she was on medical leave.  Janet Haley was aghast and said this was her territory and she wanted to make sure she was clients were cared for. Defendant Edlin's responded, *The territory belongs to Cohen & Steers and not you.*

73. In about May 25, 2010, shortly after Janet Haley returned from cancer medical leave; Defendant David Edlin threatened  Janet Haley with possible termination. Specifically, Defendant Edlin said, *This is not formal probation, but you should fully expect it!*" Defendant David Edlin demanded that Janet Haley triple her sales because brokers are "rushing back to equities."

74. By July 2010, Janet Haley was concerned that her July numbers were not "tripled" as Defendant David Edlin ordered.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 15 -

75.  In early August 2010, Janet Haley called Defendant Cohen & Steers Human Resources
Department and asked if she was on probation. Defendant's Human Resources Department
was surprised by the question and assured her that , *"No,"* she was no on probation.  Janet
Haley indicated that she is having a big test related to her cancer in a few weeks.

76.  On about August 18, 2010 Janet Haley received a call from Defendant Cohen & Steers
Human Resources and was informed that Defendant Cohen & Steers Human Resources
Department was "investigating" Janet Haley for allegedly making disparaging comments
about Defendant David Edlin at a dinner in San Francisco.  Defendant's Human Resources
Department further tells Janet Haley that they would be "going outside the firm" to
investigate Janet Haley.  This came as a complete shock to Janet Haley.

E.  **AUGUST 24, 2010 JANET HALEY IS TOLD TO RESIGN OR BE FIRED.**

77.  On about August 25, 2010 Janet Haley was scheduled to have CT screening for cancer
which she communicated to Defendants early in August.

78.  On about August 24, 2010, within days of being told she was being investigated for
allegedly making disparaging comment about David Edlin and Defendant Cohen & Steers
at a dinner in San Francisco, Janet Haley was told that she is not "meeting expectations,"
and that she was "no longer employed with Defendant Cohen & Steers,"

79.  Janet Haley was told she had to choose between resigning and being fired.

80.  On August 26, 2010, Janet Haley submitted a letter of resignation under protest and
reiterated her complaints of sexual harassment and retaliation about Defendant David Edlin
to Defendant Cohen & Steers.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 16 -

**FIRST CLAIM FOR RELIEF**

(VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

AS AMENDED, 42 U.S.C. 2000(E) ET SEQ. [GENDER DISCRIMINATION])

(Against Cohen & Steers)

81. Janet Haley incorporates by reference as though fully set forth herein, each and every

allegation set forth above in this First Amended Complaint.  As a separate and distinct

claim for relief, Janet Haley complains against Defendant Cohen & Steers and Does 1

through 20 as follows:

82. Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-2

[Section 703] prohibits unlawful discrimination in employment based on sex.  Of

relevance, Title VII provides as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer -

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate

against any individual with respect to her compensation, terms, conditions, or privileges

of employment, because of such individual's race, color, religion, sex, or national origin;

or

(2) to limit, segregate, or classify her employees or applicants for employment in any

way that would deprive or tend to deprive any individual of employment opportunities

or otherwise adversely affect her status as an employee, because of such individual's

race, color, religion, sex, or national origin.

83. Janet Haley contends that Defendants violated Title VII with respect to Defendants'

mistreatment of Janet Haley as alleged here.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

84. Specifically, Janet Haley is female.  By virtue of the conduct set forth in the statement of facts above, Janet Haley experienced discrimination based on her gender that was sufficiently severe or pervasive to effect the terms or conditions of her employment.

85. Defendants' discrimination of Janet Haley was in violation of Title VII and was motivated by anti-female *animus*.

86. As a direct and proximate result of said discrimination, Janet Haley sustained, and will sustain, economic damages for past years, including unequal pay, promotional opportunities, bonuses, and benefits, as well as prospective loss of earnings and benefits.

87. As a proximate result of Defendants misconduct, Janet Haley has suffered general emotional distress, humiliation and embarrassment.  Janet Haley therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

88. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the intention of injuring Janet Haley, and acted with malice and in conscious disregard of Janet Haley's rights.  Janet Haley is therefore entitled to recover punitive and/or exemplary damages in an amount to be proven at trial.

89. Janet Haley is further entitled to an award of statutory attorney's fees, mental and emotional distress, the amount of which will be proven at trial.

    WHEREFORE, Janet Haley prays for relief as set forth herein.

### SECOND CLAIM FOR RELIEF

(VIOLATION OF AMERICANS WITH DISABILITIES ACT)

(Against Cohen & Steers)

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

90. Janet Haley incorporates by reference as though fully set forth herein, each and every allegation set forth above in this First Amended Complaint.  As a separate and distinct claim for relief, Janet Haley complains against Defendant Cohen & Steers Does 1 through 20 as follows:

91. Defendant Cohen & Steers and Does 1 through 20 are subject to the mandates of the Americans with Disabilities Act ("ADA"), 42 USC § 12101 *et seq.*

92. Janet Haley was diagnosed with cancer (Lymphoma) on November 9, 2009.  At all relevant times Janet Haley was a qualified individual with a disability as defined by the ADA.

93. As all relevant times Janet Haley was a qualified individual capable of performing the essential functions of her job either with or without reasonable accommodation.

94. Janet Haley contends that Defendants discriminated against her in violation of the ADA as alleged herein. Said discrimination includes but is not limited harassment by Defendant Edlin, adverse employment actions, retaliation, and termination.

95. Defendants have no legitimate non-discriminatory reasons for its actions toward Janet Haley

96. Further, there was no "business necessity" to terminate her employment.

97. As a direct and proximate result of said discrimination, Janet Haley sustained, and will sustain, economic damages for past years, including unequal pay, promotional opportunities, bonuses, and benefits, as well as prospective loss of earnings and benefits. Accordingly, Janet Haley is entitled to back pay and front pay.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 19 -

98. As a proximate result of Defendants misconduct, Janet Haley has suffered general emotional distress, humiliation and embarrassment.  Janet Haley therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

99. Defendants intentionally violated the ADA and committed the acts alleged herein maliciously and with reckless indifference of Janet Haley's federally-protected is therefore subject to punitive and/or exemplary damages in an amount to be proven at trial.

100. Janet Haley is further entitled to an award of statutory attorney's fees and costs.

WHEREFORE, Janet Haley prays for relief as set forth herein.

### THIRD CLAIM FOR RELIEF—SUPPLEMENTAL

(GENDER DISCRIMINATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

(CALIFORNIA GOVERNMENT GOVT. CODE § 12940 ET. SEQ.)

(Against Defendant Cohen & Steers)

101. Janet Haley incorporates by reference as though fully set forth herein, each and every allegation set forth above in this First Amended Complaint.  As a separate and distinct supplemental claim for relief, Janet Haley complains against Defendant Cohen & Steers Does 1 through 20 as follows:

102. This supplemental claim for relief is being made pursuant to California Government Code §§ 12900, 12921, 12926, 12940 and 12965 [collectively referred to as "FEHA"]. Defendants are not exempted from the statutes cited in this paragraph by any local, state or federal laws.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

103. Defendants regularly employed more than five employees, and are subject to suit under FEHA for conduct prohibited thereby.

104. Janet Haley is a member of a class protected by FEHA: she is female.

105. At all times herein relevant, Janet Haley's job performance was always satisfactory and was usually excellent (despite what the untrue and defamatory performance review of Defendant David Edlin might suggest).

106. As a result of the aforesaid discriminatory acts, Janet Haley has suffered and is continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount which is currently un-ascertained.

107. Janet Haley faces a substantial diminution of her future earning capacity in an amount which is currently unascertained. Janet Haley will request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained, or upon proof at the time of trial.

108. As a result of the aforesaid act of discriminatory acts, Janet Haley has been held up to great derision and embarrassment with fellow workers, friends, members of the community and family, and has continued to suffer emotional distress.

109. Janet Haley is informed and believes that the Defendants and its management acted deliberately for the purposes of injuring her.

110. Defendants, by and through its managing agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct was likely to result in additional, severe mental distress.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

111. Janet Haley therefore seeks damages for such emotional distress in an amount to be proven at time of trial.

112. Janet Haley is informed and believes and thereon alleges that this cause of action is not preempted by the California Workers' Compensation Act on the grounds that employment discrimination on the basis of gender is not a risk or condition of employment.

113. Because of the wrongful acts of Defendant as herein above alleged, Janet Haley has been and/or will in the future be required to employ physicians and mental health care professionals to examine, treat and care for her and will incur additional medical expenses in an amount to be proven at the time of trial.

114. In doing the acts set forth above, Defendant and its managing agents acted as herein alleged with a conscious disregard of Janet Haley's right to be free from discrimination based on medical leave. Defendant acted, as alleged, with the malicious intention of depriving Janet Haley of employment opportunities and benefits that must be accorded to all employees regardless of their disabilities. Defendant has retained, promoted and coddled employees and managers known by it to be vicious in that they are prejudiced against employees with disabilities. This conduct by Defendant was, and is, despicable, cruel and oppressive. The Janet Haley is therefore entitled to an award of punitive damages in an amount to be proven at trial.

115. In bringing this action, Janet Haley has been required to retain the services of counsel. Pursuant to California Government Code § 12965(b), she is entitled to and hereby requests an award of attorney fees and costs of suit.

WHEREFORE, Janet Haley prays for judgment as more fully set forth herein below.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 22 -

**FOURTH CLAIM FOR RELIEF – SUPPLEMENTAL**

VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"):

DISABILITY AND GENDER HARASSMENT

(Against all Defendants)

116. Janet Haley incorporates by reference as though fully set forth herein, each and every allegation set forth above in this First Amended Complaint. As a separate and distinct supplemental claim for relief, Janet Haley complains against all Defendants as follows:

117. Janet Haley was a female and a qualified person with a disability, in that she could perform the duties of her job with reasonable accommodations.

118. The California Fair Employment and Housing Act, California Government Code §§ 12940 (j)(1), makes it unlawful for any employer to harass an employee based on gender or actual or perceived disability.

119. As set forth above, Defendants harassed Janet Haley based on her gender and actual or perceived disability/medical condition.

120. Because of Defendants' mistreatment and wrongful actions toward Janet Haley, because of her disability/medical condition or need for accommodation, as alleged herein, Janet Haley suffered and continues to suffer damages, in the form of lost and future wages and benefits, severe emotional distress, anxiety, and humiliation, the exact amount of which will be proven at trial.

121. Defendants' conduct was willful, wanton, malicious, oppressive and/or undertaken with reckless disregard for the rights of others and the above conduct constitutes a continuing violation of the law. Defendants ratified, condoned and adopted the actions of its managing agents.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

122. By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for herself and the public at large, Janet Haley has incurred and continues to incur legal expenses and attorneys' fees. Janet Haley is therefore entitled to reasonable attorneys' fees and litigation expenses. California Code of Civil Procedure §1021.5 and California Government Code §12900 et seq.

WHEREFORE, Janet Haley requests relief as set forth in the Prayer.


**FIFTH CLAIM FOR RELIEF-- SUPPLEMENTAL**

VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"): RETALIATION

(Against Defendant Cohen & Steers)


123. Janet Haley incorporates by reference as though fully set forth herein, each and every allegation set forth above in this First Amended Complaint. As a separate and distinct supplemental claim for relief, Janet Haley complains as follows:

124. Defendants retaliated against Janet Haley for having engaged in a protected activity by objecting to mistreatment because of sexual harassment and discrimination and asserting her right to request medical leave, asserted her right to request accommodation to live near her father when he was seriously ill to act as a caregiver, expecting Defendants to honor and abide laws of the State of California designed to protect employee rights, causing or contributing to Janet Haley's hostile work environment.

125. As a direct, foreseeable and legal result of Defendants' actions and omissions, Janet Haley has suffered and continues to suffer substantial losses in earnings, bonuses and other employment benefits, in addition to expenses incurred in obtaining alternative

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 24 -

employment, and has suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Janet Haley's damage in an amount to be proven at trial.

126.  Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Janet Haley, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Janet Haley's rights.  Because the despicable acts taken toward Janet Haley were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Janet Haley. Janet Haley is entitled to recover punitive damages from Defendants in an amount according to proof.

127.  By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment free workplace for himself and the public at large, Janet Haley has incurred and continues to incur legal expenses and attorneys' fees.  Janet Haley is therefore entitled to reasonable attorneys' fees and litigation expenses.  California Code of Civil Procedure §1021.5 and California Government Code §12900 et seq.

WHEREFORE, Janet Haley requests relief as set forth in the Prayer.

**SIXTH CLAIM FOR RELIEF-- SUPPLEMENTAL**

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

(Against all Defendants)

128. Janet Haley incorporates by reference as though fully set forth herein, each and every allegation set forth above in this First Amended Complaint.  As a separate and distinct supplemental claim for relief, Janet Haley complains against all Defendants as follows:

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

129. This is an action for damages pursuant to the common law of the State of California as mandated by the California Supreme Court in the decision of *Rojo v. Kliger* (1990) 52 Cal. 3d 65.

130. The acts of the managers of Defendants as described above were extreme and outrageous. This includes, but is not limited to, treating her differently because of her gender and her disability (cancer [lymphoma]) in the terms and conditions of her employment, and terminating her when she complained about unlawful harassment and retaliation.

131. Such extreme and outrageous acts did in fact cause Janet Haley severe emotional distress.

132. As a proximate result of such extreme and outrageous acts, Janet Haley has suffered emotional distress, humiliation and embarrassment. Janet Haley's emotional distress has emerged in the form of acute anxiety, sleeplessness, panic attacks, depression, and fear of losing her home and been unable to care for her mother, and becoming withdrawn. Janet Haley is informed and believes that Defendants acted deliberately for the purpose of causing her to suffer emotional distress. Defendant further acted intentionally and unreasonably because Defendant knew and/or should have known that their conduct was likely to result in and exacerbate severe mental distress. Janet Haley therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

133. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Janet Haley, and acted with an improper and evil motive amounting to malice and in conscious disregard of Janet Haley's rights. Janet Haley is therefore entitled to recover punitive damages in an amount to be proven at trial.

WHEREFORE, Janet Haley prays for judgment as more fully set forth herein below.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

**SEVENTH CLAIM FOR RELIEF-- SUPPLEMENTAL**

(DEFAMATION)

(Against Defendant David Edlin)

134. Janet Haley, individually, incorporates by reference as though fully set forth herein, each and every allegation set forth above in this First Amended Complaint. As a seventh separate and distinct supplemental cause of action, Janet Haley complains against Defendant David Edlin as follows:

135. Janet Haley is informed and believes, and therefore alleges, that Defendants, and each of them, recklessly and intentionally caused excessive and unsolicited internal and external publications of defamation, of and concerning Janet Haley, to third persons. These false and defamatory statements included express and implied accusations that Janet Haley was incompetent in her work, profession or trade.

136. These statements were defamatory per se insofar as they related to Janet Haley's qualifications in her professions and trades.

137. While the precise date of all these publications are not known to Janet Haley, Janet Haley is informed and believe that these various publications started in or about 2009 and continued to August 2010 and possible thereafter, and that it was foreseeable that they would be re-published by the Defendant Edlin.

138. Janet Haley is informed and believes, and on that basis alleges that these publications and re-publications of defamatory statements continue to be made by Defendants and each of them, to the injury to Janet Haley.

139. In addition, Janet Haley has been compelled to self-disclose false information pertaining to these untrue statements when each was seeking alternative employment. Janet Haley is

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

informed and believes that the negligent, reckless, and intentional publications made by Defendants, and each of them, that it was foreseeable that these statements would be published and re-published.

140. During the above-described time-frame, Defendants conspired to and did negligently, recklessly and intentionally cause excessive and unsolicited publication of defamation, of and concerning Janet Haley, to third persons who had no need or desire to know. Those third persons to whom these Defendants published this defamation are believed to include, but are not limited to Defendants, and each of them, as well as the Doe Defendants.

141. The defamatory publications consisted or oral, knowingly false and unprivileged communications, tending directly to injure Janet Haley and her personal, business and professional reputation.

142. In addition, Janet Haley has been compelled to self-disclose this false information and untrue statements. Janet Haley is informed and believes that the negligent, reckless, and intentional publications made by Defendants, and each of them, that it was foreseeable that these statements would be published and re-published.

143. During the above-described time-frame, Defendants conspired to and did negligently, recklessly and intentionally cause excessive and unsolicited publication of defamation, of and concerning Janet Haley, to third persons who had no need or desire to know. Those third persons to whom these Defendants published this defamation are believed to include, but are not limited to Defendants, and each of them, as well as the Doe Defendants.

144. The defamatory publications consisted of oral, written, knowingly false and unprivileged communications, tending directly to injure Janet Haley and her personal, business and professional reputation.

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

- 28 -

145. Janet Haley is informed, believes and fears that these unprivileged defamatory statements will continue to be published by Defendants, and each of them, and will be re-published by their recipients, all to the ongoing harm and injury to Janet Haley's business, professional and personal reputation.

146. The defamatory meaning of all the above-described, false and defamatory statements and their reference to Janet Haley was understood by the Defendants and each of them. These statements were false and were understood as assertions of fact, and not as opinion.

147. Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege. These publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Janet Haley in order to justify the illegal and cruel actions of Defendants, and each of them, and to cause further damage to Janet Haley's professional and personal reputation, for the purpose of causing Janet Haley to be terminated and in retaliation for reporting and opposing discrimination.

148. Each of these publications by Defendants was made with the knowledge that no investigation supported the unsubstantiated and obviously false statements. Defendants published these statements knowing them to be false and unsubstantiated by any reasonable investigation and the product of hostile witnesses. Not only did Defendants have no reasonable basis to believe these statements, they also had no belief in the truth of these statements and, in fact, knew the statements to be false.

149. Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Janet Haley, and have acted with an improper and evil motive amounting to malice, and fraud and in conscious disregard of

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

1   Janet Haley's rights. Because the despicable acts taken toward Janet Haley were carried

2   out by managerial employees acting in a deliberate, cold, callous and intentional manner in

3   order to injure and damage Janet Haley, she is entitled to recover punitive damages from

4   Defendants in an amount according to proof.

5

6   WHEREFORE, Janet Haley prays for relief as set forth herein.

7

8

9   **EIGHTH CLAIM FOR RELIEF-- SUPPLEMENTAL**

10   Wrongful Termination in Violation of Public Policy

11   (Against Cohen & Steers)

12   150. Janet Haley re-alleges and incorporates by reference the preceding paragraphs of this First

13   Amended Complaint as though fully set forth herein. This claim is directed against

14   Defendant Cohen & Steers.

15

16   151. At all times herein mentioned, Janet Haley was a disabled person was fully competent to

17   perform the duties to which she was assigned subject to reasonable accommodations.

18

19   152. Defendants discriminated, harassed and retaliated against Janet Haley on the basis of her

20   gender, disability, and/or medical condition, further, there was a nexus (causal connection)

21   between the termination of Janet Haley and her protected status under the state and federal

22   law, including Title VII of the Civil Rights Act of 1964, FEHA, FMLA/CFRA, California

23   Constitution Article 1, Section 8, the ADA (because of her gender, disability, and/or

24   medical condition) each and all are matters of public policy.

25

26   153. Accordingly, the discharge of Janet Haley was wrongful as it violated public policy,

27   California common law and Janet Haley's constitutional rights, statutory rights and Janet

28   Haley's rights under the California Constitution, Article 1, section 8, which states that a

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin.

154. As a direct and proximate result of defendant's discriminatory acts, Janet Haley has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

155. Defendant's actions have caused and continue to cause Janet Haley substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to her damage in an amount according to proof.

156. Defendants committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Janet Haley, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Janet Haley's rights. Because the despicable acts taken toward Janet Haley were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Janet Haley, she is entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, Janet Haley prays for relief as set forth herein.

## PRAYER FOR DAMAGES

1. For general damages;

2. For medical and related expenses in a sum according to proof at the time of trial;

3. For loss of earnings and benefits, present and future, and impaired earning capacity, in a sum according to proof at the time of trial;

**FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL**

4.   For interest as allowed by law;

5.   For compensatory damages, including loss of reputation, in a sum to be determined at the time of trial;

6.   For punitive damages in an amount to be determined at the time of trial.

7.   For attorneys' fees and other remedies under Title VI of the Civil Rights Act of 1964, the ADA and Government Code §12965(b).

8.   For costs and expenses of suit herein incurred; and,

9.   For such other and further relief as the Court may deem just and proper.


DATED:        November 15, 2010                SHEA LAW OFFICES


                                               By: _Mary Shea Hagebols_

                                               Mary Shea Hagebols, Esq.

                                               Attorney for Janet Haley


### REQUEST FOR JURY TRIAL


Janet Haley hereby requests a jury trial in the within matter.


DATED:        November 15, 2010                SHEA LAW OFFICES


                                               By: _Mary Shea Hagebol_

                                               Mary Shea Hagebols

                                               Attorneys for Janet Haley


### FIRST AMENDED COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL