1  SEYFARTH SHAW LLP
   Francis J. Ortman III (SBN 213202)
2  E-mail: fortman@seyfarth.com
   Matthew J. Mason (SBN 271344)
3  E-mail: mmason@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California  94105
   Telephone:  (415) 397-2823
5  Facsimile:  (415) 397-8549

6  Attorneys for Defendant
   DAVID EDLIN

7

8

9                    UNITED STATES DISTRICT COURT

10          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                             OAKLAND

12  JANET HALEY,                    )  Case No. C10-03856 PJH
                                    )
13              Plaintiff,          )  **DEFENDANT DAVID EDLIN'S**
                                    )  **ANSWER TO PLAINTIFF'S FIRST**
14       vs.                        )  **AMENDED COMPLAINT FOR**
                                    )  **DAMAGES**
15  COHEN & STEERS CAPITAL          )
    MANAGEMENT, INC., A New York    )
16  Corporation Doing Business in California; and )
    DAVID EDLIN, an individual,     )
17                                  )
                                    )
18              Defendants.         )
                                    )
19  _____)

20       Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant David Edlin

21  ("Edlin" or "Defendant") hereby answers the First Amended Complaint ("Complaint") filed by

22  Plaintiff Janet Haley ("Plaintiff") in the above-captioned matter.  Any allegation in the

23  Complaint not specifically admitted herein is denied.

24                          **INTRODUCTION**

25       1.       Edlin admits the allegations in Paragraph 1.  Edlin further avers that he is a

26  resident of the state of New York.

27       2.       Edlin admits that Plaintiff is a female.  The remaining allegations of Paragraph 2

28  of the Complaint contain legal conclusions and legal argument that Edlin is not required to admit

1   or deny.  To the extent a response is deemed necessary, Edlin denies each and every allegation

2   contained in Paragraph 2.

3          3.      Paragraph 3 of the Complaint contains legal conclusions and legal argument that

4   Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin

5   denies each and every allegation contained in Paragraph 3.

6          4.      Paragraph 4 of the Complaint contains legal conclusions and legal argument that

7   Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin

8   denies each and every allegation contained in Paragraph 4.

9          5.      Edlin denies the allegations in Paragraph 5.

10   **PARTIES**

11          6.      Edlin admits that Plaintiff is a female over the age of 40.  Edlin admits that, at all

12   relevant times, Plaintiff was a resident of the City and County of San Francisco and Marin

13   County.  Edlin has insufficient information to admit or deny Plaintiff's allegation that she was

14   diagnosed with lymphoma in November 2009.  The remaining allegations of Paragraph 6 of the

15   Complaint contain legal conclusions and legal arguments that Edlin is not required to admit or

16   deny.  Except as specifically admitted to herein, and to the extent a response is deemed

17   necessary, Edlin denies each and every allegation contained in Paragraph 6.

18          7.      Edlin admits that Cohen & Steers is a New York corporation that does business in

19   the State of California.  Edlin further admits Cohen & Steers' headquarters are located at 280

20   Park Avenue, New York, New York.   The remaining allegations of Paragraph 7 of the

21   Complaint contain legal conclusions and legal arguments that Edlin is not required to admit or

22   deny.  Except as specifically admitted to herein, and to the extent a response is deemed

23   necessary, Edlin denies each and every allegation contained in Paragraph 7.

24          8.      Edlin admits that he resides in the state of New York.  Edlin admits that he was a

25   direct supervisor to Janet Haley.  Edlin denies he was a managing agent of Cohen & Steers.

26   Edlin has insufficient information to determine what Plaintiff believes are "all [of the] relevant

27   times" and therefore denies that he was Plaintiff's direct supervisor or a managing agent of

28   Cohen & Steers at "all relevant times."

9.      Paragraph 9 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 9.

10.      Paragraph 10 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 10.

11.      Paragraph 11 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 11.

12.      Paragraph 12 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 12.

## JURISDICTION AND VENUE

13.      Edlin admits that this court has jurisdiction over Plaintiff and Edlin, but denies the remaining allegations of Paragraph 13.

14.      Paragraph 14 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies that Plaintiff has alleged facts sufficient to state a claim under either Title VII (42 U.S.C. § 2000e *et seq.*) or the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et seq.*) and therefore denies that this Court has federal question jurisdiction.

15.      Edlin admits that this Court may utilize supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to take jurisdiction over Plaintiff's California state law claims, but denies that the Court's exercise of supplemental jurisdiction is appropriate in this case.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.      Edlin has insufficient information to admit or deny any of the allegations in Paragraph 16 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 16 of the Complaint.

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

17. Edlin has insufficient information to admit or deny whether Plaintiff received the "requisite" Right to Sue Notices from the named agencies, and on that basis denies each and every allegation contained in Paragraph 17 of the Complaint.

## FACTUAL STATEMENT

18. Edlin has insufficient information to admit or deny any of the allegations in Paragraph 18 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 18 of the Complaint.

19. Edlin has insufficient information to admit or deny any of the allegations in Paragraph 19 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 19 of the Complaint.

20. Edlin has insufficient information to admit or deny any of the allegations in Paragraph 20 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Edlin has insufficient information to admit or deny any of the allegations in Paragraph 21 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 21 of the Complaint.

22. Edlin has insufficient information to admit or deny any of the allegations in Paragraph 22 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Edlin has insufficient information to admit or deny any of the allegations in Paragraph 23 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Edlin admits the allegations in Paragraph 24.

25. Edlin has insufficient information to determine what Plaintiff means by "developed an extensive amount of business" and on that basis denies each and every allegation contained in Paragraph 25 of the Complaint.

///

///

4

26.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 26 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 26 of the Complaint.

27.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 27 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 28 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 28 of the Complaint.

29.     Edlin admits that Cohen & Steers was headquartered in New York.  Edlin has insufficient information to determine what Plaintiff means by "New York Hours" and on that basis, except as specifically admitted herein, denies each and every remaining allegation contained in Paragraph 29 of the Complaint.

30.     Edlin has insufficient information to determine what Plaintiff believes constitute "positive reviews" and on that basis denies this allegation.  Edlin has insufficient information to admit or deny the remaining allegations in Paragraph 30 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 30 of the Complaint.

31.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 31 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 31 of the Complaint.

32.     Edlin admits the allegations in Paragraph 32.

33.     Edlin admits the allegations in Paragraph 33.

34.     Edlin denies that he told any of Plaintiff's clients that he had given Plaintiff additional territories, including Oregon, Washington and Alaska.  Edlin has insufficient information to admit or deny the remaining allegations in Paragraph 34 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 34 of the Complaint.

///

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

35.    Edlin admits that on about March 10, 2009 he sent Plaintiff an email. Edlin denies Plaintiff's characterization of the tone of the email as "thanking Janet Haley for her contributions to Defendant Cohen & Steers, and highlighting Janet Haley's strengths."

36.    Edlin denies the allegations in Paragraph 36.

37.    Edlin admits that he had telephone conversations with Plaintiff sometime after meeting with Plaintiff on or about March 9 and/or 10, 2009. Edlin has insufficient information to admit or deny whether Plaintiff was working from home or any subject matter on which she may have been working on March 25, 2009 or any other date. Edlin admits that Plaintiff discussed breaking up with her boyfriend when Edlin travelled with Plaintiff on or about March 9 and/or 10, 2009. Edlin denies ever asking Plaintiff if she was depressed. Edlin denies that he asked Plaintiff if she had "break up sex with her boyfriend." Edlin has insufficient information to admit or deny the remaining allegations in Paragraph 37 of the Complaint and on that basis, except as specifically admitted herein, denies each and every remaining allegation contained in Paragraph 37 of the Complaint.

38.    Edlin denies the allegations in Paragraph 38.

39.    Edlin denies the allegations in Paragraph 39.

40.    Edlin has insufficient information to admit or deny any of the allegations in Paragraph 40 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 40 of the Complaint. Paragraph 40 of the Complaint also contains legal conclusions and legal argument that Edlin is not required to admit or deny. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 40.

41.    Edlin has insufficient information to admit or deny any of the allegations in Paragraph 41 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 41 of the Complaint.

42.    Edlin admits that he was told by Cohen & Steers Human Resources personnel that the Human Resources department had been informed by a third party employee about a statement allegedly made by Edlin to Haley during a telephone call between those two parties. Edlin has insufficient information to admit or deny any of the remaining allegations in Paragraph

42 of the Complaint, which also contain legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies the remaining allegations contained in Paragraph 42.

43.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 43 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 43 of the Complaint.

44.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 44 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 44 of the Complaint.

45.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 45 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 45 of the Complaint.

46.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 46 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 46 of the Complaint.

47.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 47 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 47 of the Complaint.

48.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 48 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 48 of the Complaint.

49.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 49 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 49 of the Complaint.

50.     Edlin admits that over the course of his employment with Cohen & Steers, he has had meetings with McCombe and Nolty.  Edlin denies any implication that he met with McCombe and Nolty just prior to a meeting with Plaintiff, Edlin, McCombe and Nolty.  Edlin has insufficient information to admit or deny whether Plaintiff was "extremely uncomfortable."

Edlin further denies that anything regarding the territories was discussed during the meeting between Plaintiff, Edlin, McCombe and Nolty.

51.     Plaintiff's use of the term "sex comment" is vague and ambiguous, nevertheless, Edlin denies that he made any comment to Plaintiff that could be construed as a "sex comment." Answering further, Edlin has insufficient information to admit or deny any of the allegations in Paragraph 51 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 51 of the Complaint.

52.     Edlin has insufficient information to admit or deny what was told to Plaintiff by anyone in Cohen & Steers' Human Resources Department, and on that basis denies each and every allegation contained in Paragraph 52 of the Complaint.  Answering further, Edlin specifically avers an investigation was done.

53.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 53 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 53 of the Complaint.

54.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 54 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 54 of the Complaint.

55.     Edlin admits that on or about August 27, 2009 he gave Plaintiff a mid-year employee performance review in which he noted, among other things, that she "should make a concerted effort to improve her communications with her internal as well as others in the firm." Except as specifically admitted herein, Edlin denies each and every remaining allegation in Paragraph 55.

56.     Edlin admits that Plaintiff was not given a year-end review for the 2009 calendar year.  Except as specifically admitted herein, Edlin has insufficient information to admit or deny any of the allegations in Paragraph 56 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 56 of the Complaint.

///

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

57.     Edlin admits that in or about September of 2009 he made sales calls with Plaintiff. Except as specifically admitted herein, Edlin denies each and every remaining allegation of Paragraph 57 of the Complaint.

58.     Edlin admits, based on observations in client meetings, and as part of managing Haley's performance, that he believed that some of Plaintiff's clients did not appear to respect her investment advice, and that the failure of some clients to take notes while listening to Plaintiff speak was indicative of a lack of interest in her advice.  Except as specifically admitted herein, Edlin denies the remaining allegations in Paragraph 58 of the Complaint.

59.     Edlin denies that he engaged in any "continuing campaign of harassment and retaliation."  Plaintiff's statement that "two large trades came into Defendant Cohen & Steers" is vague and ambiguous in that it does not clearly identify to which trades Plaintiff is referring. Edlin therefore has insufficient information to admit or deny the remaining allegations of Paragraph 59 of the Complaint, and on that basis denies each and every remaining allegation contained in Paragraph 59 of the Complaint.

60.     Edlin admits that he sent an email to Plaintiff indicating he would look into inquiries from Plaintiff about receiving credit or payment for trades.  Plaintiff's statement regarding "the trades" is vague and ambiguous in that it does not clearly identify to which trades Plaintiff is referring.  Edlin therefore has insufficient information to admit or deny any of the remaining allegations in Paragraph 60 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 60 of the Complaint.

61.     Plaintiff's statement regarding "the trades" is vague and ambiguous in that it does not clearly identify to which trades Plaintiff is referring.  Edlin therefore has insufficient information to admit or deny any of the allegations in Paragraph 61 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 61 of the Complaint.

62.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 62 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 62 of the Complaint.

////

9

63.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 63 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 63 of the Complaint.

64.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 64 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 64 of the Complaint.

65.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 65 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 65 of the Complaint.

66.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 66 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 66 of the Complaint.

67.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 67 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 67 of the Complaint.

68.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 68 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 68 of the Complaint.

69.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 69 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 69 of the Complaint.

70.     Edlin admits that he discussed Plaintiff's potential leave of absence with Plaintiff and a Cohen & Steers Human Resources representative in or about late February or early March 2010.  Except as otherwise admitted herein, Edlin denies the remaining allegations in Paragraph 70.

71.     Edlin admits that Plaintiff returned to work for Cohen & Steers following a period of absence.  Except as otherwise admitted herein, Edlin denies the remaining allegations in Paragraph 71.

72.     Edlin has insufficient information to admit or deny whether Plaintiff "continued to maintain her client relations and performed work sporadically for the benefit of Defendant Cohen & Steers" during any period of leave, and on that basis denies that allegation.  Edlin denies each and every remaining allegation contained in Paragraph 72 of the Complaint.

73.     Edlin denies the allegations in Paragraph 73.

74.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 74 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 74 of the Complaint.

75.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 75 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 75 of the Complaint.

76.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 76 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 76 of the Complaint.

77.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 77 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 77 of the Complaint.

78.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 78 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 78 of the Complaint.

79.     Edlin has insufficient information to admit or deny any of the allegations in Paragraph 79 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 79 of the Complaint.

80.     Edlin has insufficient information to admit or deny any of the remaining allegations in Paragraph 80 of the Complaint, and on that basis denies each and every allegation contained in Paragraph 80 of the Complaint.

///

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

## **FIRST CLAIM FOR RELIEF**

81.     Answering Paragraph 81 of the Complaint, Edlin adopts his admissions, denials, and averments to Paragraphs 1 through 80, as if fully set forth herein.

82.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 82.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 82.

83.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 83.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 83.

84.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 84.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 84.

85.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 85.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 85.

86.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 86.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 86.

87.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 87.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 87.

88.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 88.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 88.

89.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 89.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 89.

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

## **SECOND CLAIM FOR RELIEF**

90.     Answering Paragraph 90 of the Complaint, Edlin adopts his admissions, denials, and averments to Paragraphs 1 through 89, as if fully set forth herein.

91.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 91.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 91.

92.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 92.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 92.

93.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 93.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 93.

94.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 94.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 94.

95.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 95.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 95.

96.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 96.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 96.

97.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 97.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 97.

98.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 98.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 98.

////

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

99. Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 99. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 99.

100. Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 100. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 100.

## THIRD CLAIM FOR RELIEF --SUPPLEMENTAL

101. Answering Paragraph 101 of the Complaint, Edlin adopts his admissions, denials, and averments to Paragraphs 1 through 100, as if fully set forth herein.

102. Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 102. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 102.

103. Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 103. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 103.

104. Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 104. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 104.

105. Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 105. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 105.

106. Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 106. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 106.

107. Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 107. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 107.

///

108.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 108. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 108.

109.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 109. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 109.

110.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 110. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 110.

111.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 111. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 111.

112.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 112. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 112.

113.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 113. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 113.

114.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 114. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 114.

115.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 115. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 115.

## FOURTH CLAIM FOR RELIEF--SUPPLEMENTAL

116.     Answering Paragraph 116 of the Complaint, Edlin adopts his admissions, denials, and averments to Paragraphs 1 through 115, as if fully set forth herein.

////

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

117.   Edlin admits Plaintiff is a female.  Edlin has insufficient information to admit or deny any of the remaining allegations in Paragraph 117 of the Complaint.  Answering further, Paragraph 117 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies each and every remaining allegation contained in Paragraph 117.

118.   Paragraph 118 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.

119.   Edlin denies the allegations in Paragraph 119.

120.   Edlin denies that any mistreatment or wrongful actions were directed toward Plaintiff.  Edlin has insufficient information to admit or deny any of the remaining allegations in Paragraph 120 of the Complaint.  Answering further, Paragraph 120 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies each and every remaining allegation contained in Paragraph 120.

121.   Edlin denies the allegations in Paragraph 121.

122.   Edlin denies that he engaged in any unlawful conduct.  Edlin has insufficient information to admit or deny any of the allegations in Paragraph 122 of the Complaint. Answering further, Paragraph 122 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny.  To the extent a response is deemed necessary, Edlin denies each and every remaining allegation contained in Paragraph 122.

## FIFTH CLAIM FOR RELIEF--SUPPLEMENTAL

123.   Answering Paragraph 123 of the Complaint, Edlin adopts his admissions, denials, and averments to Paragraphs 1 through 122, as if fully set forth herein.

124.   Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 124.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 124.

///

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

125.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 125. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 125.

126.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 126. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 126.

127.     Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 127. To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 127.

## SIXTH CLAIM FOR RELIEF—SUPPLEMENTAL

128.     Answering Paragraph 128 of the Complaint, Edlin adopts his admissions, denials, and averments to Paragraphs 1 through 127, as if fully set forth herein.

129.     Edlin admits that Plaintiff brings this cause of action under the common law of the State of California. Answering further, Paragraph 129 of the Complaint contains legal conclusions and legal argument that Edlin is not required to admit or deny. To the extent a response is deemed necessary, and except as otherwise admitted herein, Edlin denies the allegations in Paragraph 129.

130.     Edlin denies the allegations in Paragraph 130.

131.     Edlin denies that he engaged in any conduct that could be deemed "extreme" or "outrageous" and denies that any actions he took caused Plaintiff any emotional distress. Edlin denies any remaining allegation in Paragraph 131.

132.     Edlin denies that he engaged in any conduct that could be deemed "extreme" or "outrageous" and denies that any actions he took caused Plaintiff any emotional distress. Edlin admits that Plaintiff seeks damages in this action. Edlin denies each and every remaining allegation contained in Paragraph 132.

133.     Edlin denies the allegations in Paragraph 133.

///

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

### SEVENTH CLAIM FOR RELIEF--SUPPLEMENTAL

134.    Answering Paragraph 134 of the Complaint, Edlin adopts his admissions, denials, and averments to Paragraphs 1 through 133, as if fully set forth herein.

135.    Edlin denies each and every allegation in Paragraph 135.

136.    Edlin denies each and every allegation in Paragraph 136.

137.    Edlin denies each and every allegation in Paragraph 137.

138.    Edlin denies each and every allegation in Paragraph 138.

139.    Edlin denies each and every allegation in Paragraph 139.

140.    Edlin denies each and every allegation in Paragraph 140.

141.    Edlin denies each and every allegation in Paragraph 141.

142.    Edlin denies each and every allegation in Paragraph 142.

143.    Edlin denies each and every allegation in Paragraph 143.

144.    Edlin denies each and every allegation in Paragraph 144.

145.    Edlin denies each and every allegation in Paragraph 145.

146.    Edlin denies each and every allegation in Paragraph 146.

147.    Edlin denies each and every allegation in Paragraph 147.

148.    Edlin denies each and every allegation in Paragraph 148.

149.    Edlin denies each and every allegation in Paragraph 149.

### EIGHTH CLAIM FOR RELIEF--SUPPLEMENTAL

150.    Answering Paragraph 150 of the Complaint, Edlin adopts his admissions, denials, and averments to Paragraphs 1 through 149, as if fully set forth herein.

151.    Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 151.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 151.

152.    Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 152.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 152.

///

153.   Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 153.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 153.

154.   Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 154.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 154.

155.   Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 155.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 155.

156.   Plaintiff has not asserted this claim against Edlin and he is therefore not required to respond to the allegations contained Paragraph 156.  To the extent a response is deemed necessary, Edlin denies each and every allegation contained in Paragraph 156.

## PRAYER FOR DAMAGES

Edlin denies that Plaintiff should be awarded the relief sought in the Prayer for Relief, or any relief whatsoever.

## ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Edlin alleges the following additional defenses.  In asserting these defenses, Edlin does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST SEPARATE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendant.

## SECOND SEPARATE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**THIRD SEPARATE DEFENSE**

(Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred for failure to exhaust her administrative remedies.

**FOURTH SEPARATE DEFENSE**

(Privilege/Justification)

Assuming *arguendo*, that any of the actions alleged in the Complaint were taken by Defendant, such actions were at all times privileged or justified.

**FIFTH SEPARATE DEFENSE**

(Unclean Hands)

Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because of Plaintiff's unclean hands.

**SIXTH SEPARATE DEFENSE**

(Waiver)

Plaintiff's claims are barred by the doctrine of waiver.

**SEVENTH SEPARATE DEFENSE**

(Estoppel)

Plaintiff's claims are barred by the doctrine of estoppel.

**EIGHTH SEPARATE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff did not mitigate her damages, and Plaintiff's damages, if any are awarded, should be reduced to the extent Plaintiff has failed to mitigate them.

**NINTH SEPARATE DEFENSE**

(Failure to Take Advantage of Defendant's Safeguards Against Harassment/Retaliation)

Defendant exercised reasonable care to avoid discrimination/harassment and to eliminate it when it might occur, and Plaintiff failed to act with like reasonable care to take advantage of the safeguards to otherwise prevent the harm that could have been avoided.

///

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

## TENTH SEPARATE DEFENSE

(Alternative Stressors)

To the extent that Plaintiff has suffered any symptoms of mental or emotional distress or injury, such symptoms are the result of a pre-existing psychological or physical disorder, or an alternative concurrent cause, and not the result of any act or omission of the Defendant.

## ELEVENTH SEPARATE DEFENSE

(Truth)

Plaintiff's purported cause of action for defamation, and any cause of action based on those allegations, is barred in that any statements allegedly made by Defendant were at all times true, including pursuant to California Labor Code section 1053.

## TWELFTH SEPARATE DEFENSE

(Privilege)

Plaintiff's purported cause of action for defamation, and any cause of action based on those allegations, is barred because any statements allegedly made by Defendant were privileged, and are therefore not actionable as defamation as a matter of law, including pursuant to California Civil Code section 47(c).

## THIRTEENTH SEPARATE DEFENSE

(Consent)

The alleged conduct of Defendant complained of in the purported cause of action for defamation, and any cause of action based on those allegations, was approved, consented to, authorized, and/or ratified by Plaintiff through her actions, omissions and course of conduct.

## FOURTEENTH SEPARATE DEFENSE

(Unconstitutional on its Face)

California Civil Code Section 3294, relating to the imposition of punitive damages, is invalid on its face, or as applied to Defendant in this action, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles I and IV of the California Constitution.

///

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH

## ADDITIONAL DEFENSES

(Pending Discovery)

Edlin presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Edlin prays that this Court enter a judgment as follows:

1.      That the Complaint be dismissed with prejudice and that judgment be entered in favor of Edlin;

2.      That Plaintiff take nothing by way of her Complaint;

3.      That Edlin be awarded his costs of suit incurred in defense of this action, including his reasonable attorneys' fees; and

4.      That Edlin be awarded such other and further relief as the Court may deem appropriate.

DATED: January 14, 2011

SEYFARTH SHAW LLP

By: _____
Francis J. Ortman, III
Matthew J. Mason

Attorneys for Defendant
DAVID EDLIN

12984967v.4 / 73229-000002

Defendant's Answer to First Amended Complaint for Damages / Case No. C10-03856-PJH