1

2                          UNITED STATES DISTRICT COURT

3                          NORTHERN DISTRICT OF CALIFORNIA

4

5   JANET HALEY,

6              Plaintiff,                        No. C 10-3856 PJH

7        v.                                      **ORDER DENYING**
                                                **MOTION TO TRANSFER**
8   COHEN & STEERS CAPITAL
    MANAGEMENT, INC., DAVID EDLIN, an
9   individual, and DOES 1 through 20,

10             Defendants.
    _____/

11

12       Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) came on for

13  hearing on February 23, 2011.  Defendants Cohen & Steers Capital Management

14  Corporation ("Cohen & Steers") and David Edlin ("Edlin") (collectively "defendants"),

15  appeared through their counsel, Matthew Mason.  Plaintiff Janet Haley ("Haley"), appeared

16  through her counsel, Mary Shea Hagebols and Jeffrey Allens.  Having read all the papers

17  submitted and carefully considered the relevant legal authority, the court hereby DENYS

18  defendants' motion, for the reasons stated at the hearing, and summarized as follows:

19       Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in

20  the interest of justice, a district court may transfer any civil action to any other district or

21  division where it might have been brought."  Neither party disputes that this case could

22  have been brought in the Southern District of New York.  Thus, the issue in dispute on

23  defendants' motion is whether the following factors weigh in favor of transfer: (1) plaintiff's

24  choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease

25  of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility

26  of consolidation with other claims, (7) any local interest in the controversy, and (8) the

27  relative court congestion and time of trial in each forum. Vu v. Ortho-McNeil Pharm., Inc.,

28  602 F. Supp. 2d 1551, 1156 (N.D. Cal. 2009).

1    As plaintiff is a resident of this forum, her decision to file suit here is accorded

2  substantial weight and "unless the balance of factors is strongly in favor of the defendants,

3  the plaintiff's choice of forum should rarely be disturbed." Securities Investor Protection

4  Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).  The factors set forth by defendants

5  are simply not enough to disturb plaintiff's choice of forum, given that: plaintiff is a resident

6  of this district; plaintiff has identified seventy-seven potential witnesses located in

7  California, seventy-three of whom live in this district; and this district is familiar with

8  California state law.  The fact that there may be nineteen defendants' witnesses

9  inconvenienced, of which only seven are non-employees, is not persuasive.  The court will

10  not simply shift defendants' inconvenience to plaintiff.  Decker Coal Co. v. Commonwealth

11  Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

12

13  **IT IS SO ORDERED.**

14  Dated: February 24, 2011

15                                                          _____
                                                            PHYLLIS J. HAMILTON
16                                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28