Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| JANET HALEY<br><br>Plaintiff,<br><br>vs.<br><br>COHEN & STEERS CAPITAL MANAGEMENT, INC., a New York corporation doing business in California; and DAVID EDLIN, an individual<br><br>Defendants.<br><br>AND RELATED COUNTER-ACTION(S). | CASE NO. **4:10-cv-03856-PJH**<br><br>**ORDER DENYING DEFENDANT DAVID EDLIN'S MOTION TO QUASH AND GRANTING REQUEST TO MODIFY**<br><br>Date:    May 24, 2011<br>Time:   9:00 a.m.<br>Dept.:  Crtrm E<br><br>Trial Date: July 23, 2012 |

Defendant DAVID EDLIN's ("Defendant EDLIN") Motion to Quash Third-Party Subpoenas or Alternatively Modify Third-Party Subpoenas came for hearing before this Court on May 24, 2011. Seyfarth Shaw LLP through Matthew Mason, Esq. appeared on behalf of Defendant EDLIN. Shea Law Offices through Mary Shea Hagebols, Esq. appeared on behalf of Plaintiff JANET HALEY, and Gordon & Rees LLP through Amy Maclear, Esq. appeared on behalf of Counter-Defendant JANET HALEY, the Honorable Elizabeth D. Laporte presiding.

After consideration of all papers related to this motion and the arguments of counsel, IT IS HEREBY ORDERED THAT:

Defendant EDLIN's Motion to Quash Third-Party Subpoenas is DENIED.

-1-

CG/1069360/9846731v.1

ORDER DENYING DEFENDANT DAVID EDLIN'S MOTION TO QUASH & GRANTING
DEFENDANT DAVID EDLIN'S MOTION TO MODIFY SUBPOENAS     CASE NO. 4:10-CV-03856-PJH

Defendant EDLIN's Alternative Motion to Modify Third-Party Subpoenas is GRANTED in part by limiting the scope of the performance evaluation request to the ten years occurring prior to the March 25, 2009 actionable conduct and to only *formal* reprimands, critiques, discipline, commendations or awards regarding Defendant EDLIN's performance. Accordingly, the second category of documents sought in all three subpoenas shall now read as follows:

> (2) Any and all records of anti-harassment and anti-discrimination, training that Mr. Edlin received, records of discipline for harassment of or discrimination or retaliation against, any other employee; records reflecting any investigation into allegations that Mr. Edlin harassed, retaliated against, or discriminated against another employee; formal performance evaluations, as well as any other formal reprimands, critiques, discipline, commendations or awards regarding his performance that were generated or created at anytime on or after March 25, 1999.

The first category of documents sought in all three subpoenas was not challenged by Defendant EDLIN or before the Court and therefore, remains unchanged. Similarly, the ten year time constraint described above applies only to the performance evaluations requested in the last clause of the second category of document requests and not the other documents requests included in the subpoenas but that were not before the Court.

IT IS SO ORDERED.

Dated: _____May 31_____, 2011



Judge Elizabeth D. Laporte

-2-

ORDER DENYING DEFENDANT DAVID EDLIN'S MOTION TO QUASH & GRANTING
DEFENDANT DAVID EDLIN'S MOTION TO MODIFY SUBPOENAS    CASE NO. 4:10-CV-03856-PJH