| | |
|---|---|
| 1 | SHEA LAW OFFICES |
| 2 | Mary Shea Hagebols (SBN 113222) shealaw@aol.com<br>1814 Franklin Street, Suite 800<br>Oakland, CA 94612 |
| 3 | Telephone:  510-208-4422 |
| 4 | Facsimile:  415-520-9407 |
| 5 | VAN DE POEL, LEVY & ALLEN LLP<br>Jeffrey W. Allen (SBN 099240) jallen@vanlevylaw.com |
| 6 | Nina Paul (SBN 249954) npaul@vanlevylaw.com<br>1600 South Main Plaza, Suite 325 |
| 7 | Walnut Creek, CA 94596<br>Telephone:  925-934-6102 |
| 8 | Facsimile:  925-934-6060 |
| 9 | Attorneys for Plaintiff<br>JANET HALEY |
| 10 | SEYFARTH SHAW LLP |
| 11 | Francis J. Ortman III (SBN 213202) fortman@seyfarth.com<br>Matthew J. Mason (SBN 271344) mmason@seyfarth.com |
| 12 | 560 Mission Street, 31st Floor<br>San Francisco, California  94105 |
| 13 | Telephone:  (415) 397-2823<br>Facsimile:  (415) 397-8549 |
| 14 | Attorneys for Defendant |
| 15 | COHEN & STEERS CAPITAL MANAGEMENT, INC. |
| 16 | AKIN GUMP STRAUSS HAUER & FELD LLP<br>Catherine A. Conway (SBN 98366) cconway@akingump.com |
| 17 | 2029 Century Park East, Suite 2400<br>Los Angeles, California  90067 |
| 18 | Telephone:  (310) 229-1000<br>Facsimile:  (310) 229-1001 |
| 19 | Attorneys for Defendant<br>DAVID EDLIN |

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| JANET HALEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COHEN & STEERS CAPITAL MANAGEMENT, INC., A New York Corporation Doing Business in California; and | Case No. C10-03856-PJH<br><br>**STIPULATION TO CONTINUE PLAINTIFF'S MOTION TO QUASH, OR ALTERNATIVELY, TO MODIFY, THE THIRD PARTY SUBPOENA SERVED ON CONSTELLATION ENERGY GROUP, INC. AND SUBPOENAS/DEPOSITION NOTICES** |

1

| | |
|---|---|
| 1   DAVID EDLIN, an individual, | ) **WITH DOCUMENTS REQUESTED** |
|     | ) **DIRECTED TO THIRD PARTY** |
| 2            Defendants. | ) **WITNESSES CHAD FEILKE AND** |
|     | ) **GREGORY KOSIER** |
| 3   | ) |
|     | ) |
| 4   | |

5    IT IS HEREBY STIPULATED, by and among Plaintiff JANET HALEY ("Plaintiff"),

6   Defendant COHEN & STEERS CAPITAL MANAGEMENT, INC. ("Cohen & Steers") and

7   Defendant DAVID EDLIN ("Edlin") (collectively the "Parties"), through their respective

8   undersigned counsel, as follows:

9    WHEREAS, Defendants served a Notice of Deposition of third party witness Gregory

10   Kosier ("Kosier") on June 22, 2011 (and have unsuccessfully attempted to serve the

11   accompanying subpoena on Kosier) noticing the deposition of Kosier for July 20, 2011;

12   WHEREAS, Defendants served a Notice of Deposition of third party witness Chad Feilke

13   ("Feilke") on June 23, 2011 and served the accompanying subpoena on Feilke on June 27, 2011

14   noticing the deposition of Feilke for July 22, 2011;

15   WHEREAS, Defendants served a Subpoena to Produce Documents, Information, or

16   Objects or to Permit Inspection of Premises to Constellation Energy Group, Inc. ("Constellation

17   Energy") (Mr. Kosier's employer) on June 27, 2011;

18   WHEREAS, Plaintiff served her Objections to Defendants' Notice of Deposition of

19   Gregory Kosier and Request for Production of Documents on July 1, 2011;

20   WHEREAS, Plaintiff served her Objections to Defendants' Subpoena to Produce

21   Documents, Information, or Objects or to Permit Inspection of Premises to Constellation Energy

22   Group, Inc. on July 1, 2011;

23   WHEREAS, Plaintiff subsequently filed her Motion to Quash, or Alternatively, to

24   Modify, the Third Party Subpoena Served on Constellation Energy Group, Inc. and

25   Subpoenas/Deposition Notices With Documents Requested Directed to Third Party Witnesses

26   Chad Feilke and Gregory Kosier ("Motion to Quash") on July 6, 2011 and set a hearing date for

27   August 23, 2011;

28   WHEREAS, the deadline by which Defendants would have been required to file their

1  Opposition to Plaintiff's Motion to Quash was July 20, 2011;

2  WHEREAS, the deadline by which Plaintiff would have been required to file her Reply

3  in support of her Motion to Quash was July 27, 2011;

4  WHEREAS, the Parties have agreed to seek the services of a Special Master and/or

5  Discovery Referee to handle discovery disputes going forward;

6  WHEREAS, the Parties agree that the issues or disputes surrounding the deposition

7  notices and/or subpoenas mentioned herein will be the subject of review and decision by the

8  prospective Special Master and/or Discovery Referee;

9  WHEREAS, Defendants informed Quest Discovery Services that the order for records

10  subpoenaed from Constellation Energy should be placed on a thirty-day hold, and will not be

11  released to either party until August 13, 2011 at the earliest;

12  WHEREAS, the Parties have also contacted Constellation Energy and informed them that

13  the Motion to Quash is pending and that records need not be produced until further notice;

14  WHEREAS, the Parties have agreed to hold a Case Management Conference with the

15  Honorable Judge Phyllis J. Hamilton on August 25, 2011 to make a determination with respect to

16  appointment of a Special Master and/or Discovery Referee;

17  IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their

18  respective undersigned counsel, that Plaintiff's Motion to Quash is to be taken off calendar and

19  the hearing date for the Motion to Quash is to be continued indefinitely pending the procuring of

20  a Special Master and/or Discovery Referee who will decide the issues that are the subject of the

21  Motion to Quash, and that the Parties' respective deadlines for Defendants' brief in Opposition

22  to Plaintiff's Motion to Quash, and Plaintiff's brief in Reply to Defendants' brief in Opposition

23  be accordingly continued indefinitely;

24  IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Parties

25  that if, for any reason, a Special Master and/or Discovery Referee is not retained and/or has not

26  made a decision with respect to the issues that are the subject of the Motion to Quash on or by

27  August 13, 2011, that the Parties will contact Quest Discovery Services and ask that the order for

28  records continue to be placed on hold pending resolution of the issues with respect to the

1  subpoena for records to Constellation Energy, whether through a new hearing date for the
2  Motion to Quash, by agreement of the Parties or by later decision of the Special Master and/or
3  Discovery Referee, and will further notify Constellation Energy of the status of the Motion to
4  Quash and subpoena;
5     IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Parties
6  that, should Plaintiff's Motion to Quash be placed back on calendar and set for hearing at any
7  time, Defendants shall have seven calendar days from the date the Motion to Quash is placed
8  back on calendar to file their brief in Opposition to Plaintiff's Motion to Quash, and accordingly,
9  Plaintiff shall have seven calendar days from the deadline for Defendants' brief in Opposition to
10 Plaintiff's Motion to Quash in which to file her brief in Reply to Defendants' brief in Opposition
11 to Plaintiff's Motion to Quash, and in no instance shall the hearing for Plaintiff's Motion to
12 Quash be set earlier than seven calendar days after the deadline for Plaintiff's brief in Reply to
13 Defendants' brief in Opposition to Plaintiff's Motion to Quash.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1     IT IS SO STIPULATED.

2   DATED: August 2, 2011          SHEA LAW OFFICES

3                          By:   /s/ Mary Shea Hagebols
                               Mary Shea Hagebols
4                          Attorney for Plaintiff
                         JANET HALEY

5

6   DATED: August 2, 2011          VAN DE POEL, LEVY & ALLEN LLP

7                          By:   /s/ Jeffrey W. Allen
                               Jeffrey W. Allen
8                                Nina Paul
                         Attorneys for Plaintiff
9                          JANET HALEY

10   DATED: August 2, 2011          SEYFARTH SHAW LLP

11

12                         By:   /s/ Matthew J. Mason
                               Francis J. Ortman, III
13                                Matthew J. Mason
                         Attorneys for Defendant
14                          COHEN & STEERS CAPITAL
                         MANAGEMENT, INC.

15   DATED: August 2, 2011          AKIN GUMP STRAUSS HAUER & FELD LLP

16

17                          By:   /s/ Catherine A. Conway
                               Catherine A. Conway
18                          Attorney for Defendant
                         DAVID EDLIN

19

20

21

22

23

24

25

26

27

28

### ~~[PROPOSED]~~ ORDER

The parties having so stipulated, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

Plaintiff's Motion to Quash is off calendar and ~~the hearing date for the Motion to Quash is continued indefinitely pending the procuring of a Special Master and/or Discovery Referee who will decide the issues that are the subject of the Motion to Quash, and the Parties' respective deadlines for Defendants' brief in Opposition to Plaintiff's Motion to Quash, and Plaintiff's brief in Reply to Defendants' brief in Opposition are accordingly continued indefinitely;~~ Plaintiff shall file a Notice and Withdrawl of Motion. Withdrawl of the motion is without prejudice to re-noticing the motion at a later

If, for any reason, a Special Master and/or Discovery Referee is not retained and/or has not made a decision with respect to the issues that are the subject of the Motion to Quash on or by August 13, 2011, the Parties will contact Quest Discovery Services and ask that the order for records continue to be placed on hold pending resolution of the issues with respect to the subpoena for records to Constellation Energy, whether through a new hearing date for the Motion to Quash, by agreement of the Parties or by later decision of the Special Master and/or Discovery Referee, and further notify Constellation Energy of the status of the Motion to Quash and/or subpoena;

Should Plaintiff's Motion to Quash be ~~placed back on calendar~~ re-filed and set for hearing at any time, Defendants shall have seven calendar days from the date the Motion to Quash is ~~placed back on calendar~~ re-filed to file their brief in Opposition to Plaintiff's Motion to Quash, and accordingly, Plaintiff shall have seven calendar days from the deadline for Defendants' brief in Opposition to Plaintiff's Motion to Quash in which to file her brief in Reply to Defendants' brief in Opposition to Plaintiff's Motion to Quash, and in no instance shall the hearing for Plaintiff's Motion to Quash be set earlier than seven calendar days after the deadline for Plaintiff's brief in Reply to Defendants' brief in Opposition to Plaintiff's Motion to Quash.

**IT IS SO ORDERED.**

DATED: __August 3, 2011_____    _____
MAGISTRATE JUDGE ELIZABETH D. LAPORTE
UNITED STATES DISTRICT COURT