SHEA LAW OFFICES
Mary Shea Hagebols (SBN 113222) shealaw@aol.com
1814 Franklin Street, Suite 800
Oakland, CA 94612
Telephone: 510-208-4422
Facsimile: 415-520-9407

VAN DE POEL, LEVY & ALLEN LLP
Jeffrey W. Allen (SBN 099240) jallen@vanlevylaw.com
Nina Paul (SBN 249954) npaul@vanlevylaw.com
1600 South Main Plaza, Suite 325
Walnut Creek, CA 94596
Telephone: 925-934-6102
Facsimile: 925-934-6060

Attorneys for Plaintiff
JANET HALEY

SEYFARTH SHAW LLP
Francis J. Ortman III (SBN 213202) fortman@seyfarth.com
Matthew J. Mason (SBN 271344) mmason@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
COHEN & STEERS CAPITAL MANAGEMENT, INC.

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway (SBN 98366) cconway@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001

Attorneys for Defendant
DAVID EDLIN

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| JANET HALEY, | Case No. C10-03856-PJH |
| Plaintiff, | **STIPULATION TO CONTINUE PLAINTIFF'S MOTION TO QUASH, OR ALTERNATIVELY, TO MODIFY, THE THIRD PARTY SUBPOENA SERVED ON CONSTELLATION ENERGY GROUP, INC. AND SUBPOENAS/DEPOSITION NOTICES** |
| v. | |
| COHEN & STEERS CAPITAL MANAGEMENT, INC., A New York Corporation Doing Business in California; and | |

1

| | |
|---|---|
| 1  DAVID EDLIN, an individual, | ) **WITH DOCUMENTS REQUESTED** |
| 2              Defendants. | ) **DIRECTED TO THIRD PARTY** |
| | ) **WITNESSES CHAD FEILKE AND** |
| 3 | ) **GREGORY KOSIER** |
| 4 | ) |

     IT IS HEREBY STIPULATED, by and among Plaintiff JANET HALEY ("Plaintiff"), Defendant COHEN & STEERS CAPITAL MANAGEMENT, INC. ("Cohen & Steers") and Defendant DAVID EDLIN ("Edlin") (collectively the "Parties"), through their respective undersigned counsel, as follows:

     WHEREAS, Defendants served a Notice of Deposition of third party witness Gregory Kosier ("Kosier") on June 22, 2011 (and have unsuccessfully attempted to serve the accompanying subpoena on Kosier) noticing the deposition of Kosier for July 20, 2011;

     WHEREAS, Defendants served a Notice of Deposition of third party witness Chad Feilke ("Feilke") on June 23, 2011 and served the accompanying subpoena on Feilke on June 27, 2011 noticing the deposition of Feilke for July 22, 2011;

     WHEREAS, Defendants served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Constellation Energy Group, Inc. ("Constellation Energy") (Mr. Kosier's employer) on June 27, 2011;

     WHEREAS, Plaintiff served her Objections to Defendants' Notice of Deposition of Gregory Kosier and Request for Production of Documents on July 1, 2011;

     WHEREAS, Plaintiff served her Objections to Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Constellation Energy Group, Inc. on July 1, 2011;

     WHEREAS, Plaintiff subsequently filed her Motion to Quash, or Alternatively, to Modify, the Third Party Subpoena Served on Constellation Energy Group, Inc. and Subpoenas/Deposition Notices With Documents Requested Directed to Third Party Witnesses Chad Feilke and Gregory Kosier ("Motion to Quash") on July 6, 2011 and set a hearing date for August 23, 2011;

     WHEREAS, the deadline by which Defendants would have been required to file their

1  Opposition to Plaintiff's Motion to Quash was July 20, 2011;

2   WHEREAS, the deadline by which Plaintiff would have been required to file her Reply
3  in support of her Motion to Quash was July 27, 2011;

4   WHEREAS, the Parties have agreed to seek the services of a Special Master and/or
5  Discovery Referee to handle discovery disputes going forward;

6   WHEREAS, the Parties agree that the issues or disputes surrounding the deposition
7  notices and/or subpoenas mentioned herein will be the subject of review and decision by the
8  prospective Special Master and/or Discovery Referee;

9   WHEREAS, Defendants informed Quest Discovery Services that the order for records
10  subpoenaed from Constellation Energy should be placed on a thirty-day hold, and will not be
11  released to either party until August 13, 2011 at the earliest;

12   WHEREAS, the Parties have also contacted Constellation Energy and informed them that
13  the Motion to Quash is pending and that records need not be produced until further notice;

14   WHEREAS, the Parties have agreed to hold a Case Management Conference with the
15  Honorable Judge Phyllis J. Hamilton on August 25, 2011 to make a determination with respect to
16  appointment of a Special Master and/or Discovery Referee;

17   IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their
18  respective undersigned counsel, that Plaintiff's Motion to Quash is to be taken off calendar and
19  the hearing date for the Motion to Quash is to be continued indefinitely pending the procuring of
20  a Special Master and/or Discovery Referee who will decide the issues that are the subject of the
21  Motion to Quash, and that the Parties' respective deadlines for Defendants' brief in Opposition
22  to Plaintiff's Motion to Quash, and Plaintiff's brief in Reply to Defendants' brief in Opposition
23  be accordingly continued indefinitely;

24   IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Parties
25  that if, for any reason, a Special Master and/or Discovery Referee is not retained and/or has not
26  made a decision with respect to the issues that are the subject of the Motion to Quash on or by
27  August 13, 2011, that the Parties will contact Quest Discovery Services and ask that the order for
28  records continue to be placed on hold pending resolution of the issues with respect to the

1  subpoena for records to Constellation Energy, whether through a new hearing date for the
2  Motion to Quash, by agreement of the Parties or by later decision of the Special Master and/or
3  Discovery Referee, and will further notify Constellation Energy of the status of the Motion to
4  Quash and subpoena;
5      IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Parties
6  that, should Plaintiff's Motion to Quash be placed back on calendar and set for hearing at any
7  time, Defendants shall have seven calendar days from the date the Motion to Quash is placed
8  back on calendar to file their brief in Opposition to Plaintiff's Motion to Quash, and accordingly,
9  Plaintiff shall have seven calendar days from the deadline for Defendants' brief in Opposition to
10  Plaintiff's Motion to Quash in which to file her brief in Reply to Defendants' brief in Opposition
11  to Plaintiff's Motion to Quash, and in no instance shall the hearing for Plaintiff's Motion to
12  Quash be set earlier than seven calendar days after the deadline for Plaintiff's brief in Reply to
13  Defendants' brief in Opposition to Plaintiff's Motion to Quash.

1    IT IS SO STIPULATED.

2  DATED: August 2, 2011                         SHEA LAW OFFICES

3                                                By: __/s/ Mary Shea Hagebols_____
                                                         Mary Shea Hagebols
4                                                Attorney for Plaintiff
                                                 JANET HALEY
5
6  DATED: August 2, 2011                         VAN DE POEL, LEVY & ALLEN LLP

7                                                By: __/s/ Jeffrey W. Allen_____
                                                         Jeffrey W. Allen
8                                                        Nina Paul
                                                 Attorneys for Plaintiff
9                                                JANET HALEY

10 DATED: August 2, 2011                         SEYFARTH SHAW LLP

11
12                                               By: __/s/ Matthew J. Mason_____
                                                         Francis J. Ortman, III
                                                         Matthew J. Mason
13                                               Attorneys for Defendant
                                                 COHEN & STEERS CAPITAL
14                                               MANAGEMENT, INC.

15 DATED: August 2, 2011                         AKIN GUMP STRAUSS HAUER & FELD LLP
16
17                                               By: __/s/ Catherine A. Conway_____
                                                         Catherine A. Conway
18                                               Attorney for Defendant
                                                 DAVID EDLIN
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER**

The parties having so stipulated, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

Plaintiff's Motion to Quash is off calendar and ~~the hearing date for the Motion to Quash~~ Plaintiff shall file a Notice of Motion and Withdrawl of the motion is without prejudice to re-noticing the motion at a later date. ~~is continued indefinitely pending the procuring of a Special Master and/or Discovery Referee who will decide the issues that are the subject of the Motion to Quash, and the Parties' respective deadlines for Defendants' brief in Opposition to Plaintiff's Motion to Quash, and Plaintiff's brief in Reply to Defendants' brief in Opposition are accordingly continued indefinitely;~~

If, for any reason, a Special Master and/or Discovery Referee is not retained and/or has not made a decision with respect to the issues that are the subject of the Motion to Quash on or by August 13, 2011, the Parties will contact Quest Discovery Services and ask that the order for records continue to be placed on hold pending resolution of the issues with respect to the subpoena for records to Constellation Energy, whether through a new hearing date for the Motion to Quash, by agreement of the Parties or by later decision of the Special Master and/or Discovery Referee, and further notify Constellation Energy of the status of the Motion to Quash and/or subpoena;

Should Plaintiff's Motion to Quash be ~~placed back on calendar~~ re-filed and set for hearing at any time, Defendants shall have seven calendar days from the date the Motion to Quash is ~~placed back on calendar~~ re-filed to file their brief in Opposition to Plaintiff's Motion to Quash, and accordingly, Plaintiff shall have seven calendar days from the deadline for Defendants' brief in Opposition to Plaintiff's Motion to Quash in which to file her brief in Reply to Defendants' brief in Opposition to Plaintiff's Motion to Quash, and in no instance shall the hearing for Plaintiff's Motion to Quash be set earlier than seven calendar days after the deadline for Plaintiff's brief in Reply to Defendants' brief in Opposition to Plaintiff's Motion to Quash.

**IT IS SO ORDERED.**

DATED: August 3, 2011

_____
MAGISTRATE JUDGE ELIZABETH D. LAPORTE
UNITED STATES DISTRICT COURT

13627934v.1

6