SEYFARTH SHAW LLP
Francis J. Ortman III (SBN 213202)
fortman@seyfarth.com
Andrea N. de Koning (SBN 253715)
adekoning@seyfarth.com
Matthew J. Mason (SBN 271344)
mmason@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: 415/397-2823
Facsimile: 415/397-8549

Attorneys for Defendant
COHEN & STEERS CAPITAL MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| JANET HALEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COHEN & STEERS CAPITAL MANAGEMENT, INC., A New York Corporation Doing Business in California; and DAVID EDLIN, an individual,<br><br>    Defendants. | Case No. C10-03856-PJH<br><br>**STIPULATION REGARDING PLAINTIFF'S MENTAL EXAMINATION PURSUANT TO FRCP 35**<br><br>AND ORDER BY COURT |

Plaintiff Janet Haley ("Haley") and Defendants Cohen & Steers Capital Management, Inc. ("Cohen & Steers") and David Edlin ("Edlin") (collectively, "Defendants") (collectively, "the Parties"), by and through their respective counsel, hereby stipulate with regard to an independent mental health examination under Rule 35 of the Federal Rules of Civil Procedure as follows:

**I.   IDENTIFICATION AND PERSONAL INFORMATION**

Plaintiff recognizes the examiner's, Dr. Bernard S. Rappaport, need to identify Plaintiff at the time of the examination and will provide the following information:

    1.    Full name;

    2.    Date of birth;

3. Current residence address;

4. Social Security Number.

Plaintiff will not be required by Dr. Rappaport to complete any forms other than those that are part of the written tests identified in paragraph B(2) of this stipulation or provide Dr. Rappaport with the following:

1. Residence telephone number;

2. Medical insurance information or other insurance information.

## II. EXAMINATION

1. Dr. Rappaport will conduct a mental examination of plaintiff on December 20, 2011 commencing at 9:00 a.m. at 3 Altarinda Road, Suite 207, Orinda, CA 94563.

2. Dr. Rappaport's psychiatric evaluation will consist of a mental status examination, an assessment of current functioning, delineation of the allegations, and exploration of concurrent mental health history and past mental health history. The examination will consist of the taking of a history, including family history, educational history and work history. Dr. Rappaport may employ widely accepted written tests, including the Minnesota Multiphasic Personality Inventory-2 (MMPI-2), among others. All of these tests and measures are routinely utilized by mental heath care professionals when conducting independent mental examinations. Dr. Rappaport will agree to exchange said testing (raw data) with Plaintiff's expert psychologist Linda Barnard, Ph.D., 418 Alhambra Blvd., Sacramento, CA 95816, (916) 606-8748, within seven (7) days of the date of the independent mental health exam.

3. Dr. Rappaport may ask, and Plaintiff shall answer, questions relating to the nature of events that Plaintiff claims were the cause of the emotional damages that are the subject of this action. Dr. Rappaport may also ask, and Plaintiff shall answer, questions about other stressors in Plaintiff's life that may have impacted and may continue to impact her mental health and/or mental state. To the extent that Plaintiff's intimate relationships have impacted and may continue to impact her mental health and/or mental state, Dr. Rappaport may inquire into such subjects. Dr. Rappaport shall not, however, inquire into the details of Plaintiff's sexual relationship with any person unless Plaintiff claims that she is suffering from sexual dysfunction

or problems as a result of wrongs she attributes to Defendant. Dr. Rappaport may also inquire into Plaintiff's general social history and the general social interactional patterns in which Plaintiff has engaged. Questions relating to Plaintiff's work environment and allegations set forth in the complaint will be permitted, but Dr. Rappaport should already be familiar with the case and Plaintiff's deposition so unduly repetitive questions are avoided and minimized.

4. No one other than Dr. Rappaport (or a designee appointed by Dr. Rappaport) and Plaintiff shall be present during the examination. All forms and questionnaires required in connection with the psychological testing must be completed by Plaintiff herself, without outside assistance of her counsel or any other person. Neither party may record the examination through audio, video, or other electronic means.

5. Dr. Rappaport shall be provided by Defendant's counsel copies of any medical records relating to the Plaintiff's emotional and mental health claims as alleged as part of this action prior to her examination by Dr. Rappaport. The parties agree to exchange written reports prepared by Dr. Rappaport and any individual retained by Plaintiff for the purpose of evaluating Plaintiff, pursuant to Rule 35(b) of the Federal Rules of Civil Procedure. Counsel for Plaintiff shall be provided with Dr. Rappaport's report within thirty (30) days of the examination or by the date required pursuant to the current Scheduling Order. Plaintiff also demands copies of any and all supplemental reports prepared by Dr. Rappaport. Dr. Rappaport's report, and any supplemental reports, will be marked as "CONFIDENTIAL" pursuant to the Stipulated Protective Order. Any and all of Dr. Rappaport's reports, notes, charts, and other documents will not be provided to any individual or entity outside of this litigation.

6. While testifying at trial, Dr. Rappaport may refer to a particular response or answer given by Plaintiff in response to any written testing device administered by the examiner.

7. The entire mental health exam shall be conducted during normal business hours, with an hour for lunch plus appropriate breaks, and shall last no more than seven hours.

8. This stipulation is being entered into pursuant to Federal Rule of Civil Procedure 35, and, except as expressly provided in the stipulation, the examination will be conducted pursuant to Federal Rule of Civil Procedure 35.

9.  A copy of this stipulation shall be forwarded to Dr. Rappaport and Dr. Rappaport shall acknowledge, in writing, that he will conduct the mental examination pursuant to the terms of this stipulation.

IT IS SO STIPULATED.

DATED: November 8, 2011    SEYFARTH SHAW LLP


By  /s/ Andrea N. de Koning
    Andrea N. de Koning
    Attorneys for Defendant
    COHEN & STEERS CAPITAL
    MANAGEMENT, INC.

DATED: November 15, 2011    SHEA LAW OFFICES


By  /s/ Mary Shea Hagebols
    Mary Shea Hagebols
    Attorney for Plaintiff Janet Haley

DATED: November 15, 2011    VAN DE POEL LEVY & ALLEN LLP


By  /s/ Jeffrey William Allen
    Jeffrey Willam Allen
    Attorneys for Plaintiff Janet Haley

DATED: November 15, 2011    AKIN GUMP STRAUSS HAUER & FELD LLP


By  /s/ Catherine A. Conway
    Catherine A. Conway
    Attorneys for Defendant David Edlin

### ORDER

It is hereby ORDERED that Plaintiff Janet Haley submit to a mental examination performed by Dr. Bernard Rappaport on December 20, 2011 at 9:00 a.m. at 3 Altarinda Road,

1  Suite 207, Orinda, CA 94563 pursuant Rule 35 of the Federal Rules of Civil Procedure and the
2  terms of the above stipulation.
3   IT IS SO ORDERED.

5  DATED: 11/17/11 _____    _____
   United States District Court Judge

7  DISCOVERY MATTERS SHOULD GO
   TO MAGISTRATE JUDGE LAPORTE
   IN THE FUTURE.
8  13952666v.1

IT IS SO ORDERED
Judge Phyllis J. Hamilton