UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANET HALEY,

        Plaintiff(s),

    v.

COHEN & STEERS CAPITAL MANAGEMENT, INC., and DAVID EDLIN,

        Defendant(s).

_____/

No. C 10-3856 PJH

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

    Plaintiff's motion for leave to amend and for an order relating claims back to the original filing date came on for hearing on November 30, 2011. Plaintiff appeared through her counsel Jeffrey Allen, defendant Cohen & Steers Capital Management, Inc. ("Cohen & Steers") appeared through its counsel Matthew Mason, and defendant David Edlin ("Edlin") appeared through his counsel Donna Mezias. Having reviewed the papers submitted by the parties and considered their arguments and the relevant legal authority, the court hereby DENIES the motion for leave to amend.

    Plaintiff seeks to file a second amended complaint to add new defendant Heidi Richardson to two causes of action existing against other defendants and to two new ones. Additionally, she seeks an order relating back these claims to the date the original complaint was filed. The relation-back doctrine is used primarily to determine whether a plaintiff may amend the complaint after the limitation period has run. In order for the relation-back doctrine to apply to permit amendment, "the amended complaint must (1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original one." Quiroz v. Seventh Ave. Center, 140 Cal. App. 4th

1256, 1278 (2006) (citations omitted). An amended complaint that adds a new defendant generally does not relate back to the filing of the original complaint. Hawkins v. Pacific Coast Bldg. Products, Inc., 124 Cal. App. 4th 1497, 1503 (2004) (quoting Woo v. Superior Court, 75 Cal. App. 4th 169, 176 (1999)).

Neither party bothered to set forth in their briefs the statutes of limitations for any of the causes of action plaintiff seeks to add, but at the hearing plaintiff's counsel represented that the defamation claim has the shortest statute of limitations at one year. Although the briefing of this issue was short on details, it appears that the conduct giving rise to the claims against Heidi Richardson occurred on August 16, 2010. The original complaint was filed on August 27, 2010 and the motion for leave to amend was filed on August 16, 2011. The court uses the date of filing of the motion to amend rather than the date of any actual amendment, because the delay was occasioned by this court's continuance of the hearing. Based on the August 16, 2011 filing date, the motion was filed on the one year anniversary of the date on which the cause of action accrued and less than one year after the original complaint was filed. The essence of Cohen & Steers' argument is that to be within the one year statute of limitations for defamation, the motion should have been filed on August 15, 2011, the day before the one year anniversary. Defendant is incorrect. The 9th Circuit adopted the "anniversary rule" based on Fed. R. Civ. P. 6(a), in Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001), and found that absent any tolling, the expiration of the limitation period will be the same date as the triggering event but in the following year. Id. at 1246. Accordingly, the relation-back doctrine is not implicated by the facts of this case and the only question is whether the motion to amend should be granted.

Fed. R. Civ. P. 15(a) requires that a plaintiff obtain either consent or leave of court to amend her complaint once the defendant has answered, but "leave shall be freely given when justice so requires." See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily permitted unless the amendment is futile, untimely, would cause

undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987); Foman v. Davis, 371 U.S. 178, 182 (1962).

Notwithstanding defendants' arguments to the contrary, the court is not persuaded that the amendment sought is futile or that it is sought in bad faith or with dilatory motive. And because the motion to amend was filed before expiration of the deadline set by the court for filing such motions, it is not untimely, even though it was filed late in the litigation. The only factor which concerns the court, and which is consequently the most important factor, is whether the amendment will cause undue prejudice to the existing defendants and to Richardson, who will be added more than a year after the litigation commenced. While there will be prejudice to Cohen & Steers by virtue of the added complication of the issues pertaining to defamation and the differing elements of defamation and constructive termination, the court is not of the view that the prejudice will be undue. After all, defamation has also been asserted as to existing defendant Edlin, and is already in the case. But the prejudice to the individual defendants, particularly Richardson, is more obvious and more harmful.

This is an employment discrimination suit in which plaintiff alleges causes of action against her employer for gender and disability discrimination under federal and state law. She also asserts purely state law claims for defamation and infliction of emotional distress against Edlin (who appears to have been her superior), and seeks to do the same as to Richardson (who appears to have been a co-worker). As articulated by Edlin's counsel, plaintiff's claims against her employer are far more complex and far-reaching than the claims against Edlin and Richardson and will likely consume much of the trial time and confuse the jury as to who bears responsibility if a compensable injury is shown. But more significantly, adding a new defendant will likely result in far greater harm because of the lateness of the request. Although the motion to amend was filed before the deadline to amend had expired, if it is granted, and if new defendant Richardson is served immediately,

she will have roughly a month to find and retain counsel, answer the complaint and complete discovery with the holidays falling in the middle of this period given that the discovery cutoff date is January 13, 2012. Plaintiff's counsel is of the opinion that Richardson will not need much discovery, and that even if she does, the pretrial schedule can be adjusted to accommodate any reasonable request. It is, however, not for plaintiff's counsel to determine how much discovery is needed by Richardson. Moreover, the last date for hearing dispositive motions is March 21, 2012, a date that comports with this court's practice of setting motions 120 days in advance of trial so as to insure that there is sufficient time for the court to adjudicate dispositive motions before pretrial preparation begins. As explained at the hearing, the court does not generally continue dispositive motions dates unless the trial date is also extended. The court is currently scheduling trials in July 2013. Defendant Edlin would object to a lengthy continuance of his trial date. If Richardson were to be added as a defendant, it is possible and even likely that she will seek a continuance of the discovery deadline, the dispositive motions deadline and the trial date. The court would err if such a request were denied.

Additionally, the court is mindful that plaintiff filed a complaint in state court asserting the identical allegations against Richardson on August 15, 2011, a day before she filed her motion to amend her second amended complaint in this court. It would be extremely prejudicial for Richardson to have to defend against the claims in two different fora. Plaintiff's counsel represented at the hearing that plaintiff would dismiss her state case if permitted to amend here, but the court has no way of enforcing plaintiff's offer, if she were to change her mind. Richardson is not a party and did not appear at the hearing, so the court can only speculate as to any objections she might lodge. However, on balance, when considering the likely prejudice to Richardson in being added to a case just before all of the significant deadlines are due to expire and from potentially facing the same allegations in two courts, and the prejudice to Edlin to have his trial date continued for a lengthy period of time, against the absence of any prejudice to plaintiff because she perfected her claims

against Richardson in state court before she moved to add Richardson to this case, the court concludes that the prejudice to defendants would be undue and unnecessary. While the court understands that plaintiff would now like to have all her claims heard in one court, that convenience does not outweigh the real prejudice to the individual defendants.

Finally, the court agrees with defendants that because plaintiff seeks to add only state law claims, the court has discretion whether to exercise supplemental jurisdiction, and consequently for the foregoing reasons, it declines to exercise supplemental jurisdiction over plaintiff's state law claims against Richardson.

The motion to amend is DENIED.

**IT IS SO ORDERED.**

Dated: December 12, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge