UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANET HALEY,

    Plaintiff(s),

    v.

COHEN & STEERS CAPITAL MANAGEMENT, INC., et al.,

    Defendant(s).

_____/

No. C 10-3856 PJH

**ORDER RE MOTION FOR ADMINISTRATIVE RELIEF**

    Before the court is yet another motion for administrative relief filed by plaintiff in which she requests an "extension of the non-expert discovery cutoff date for the limited purpose of admitting plaintiff's recently discovered handwritten notes into evidence and allowing defendants to take plaintiff's limited deposition." As the caption of the motion reflects, plaintiff seeks three things: 1) an extension of the fact discovery cutoff date, 2) a ruling as to the admissibility of her recently discovered handwritten notes into evidence, and 3) permission for defendants to take her deposition regarding the notes. While it is arguable that none of these three subjects are properly the subject of a motion for administrative relief, which is generally reserved for requests to exceed the page limitations for briefs or to file matters under seal, given that the court has entertained prior administrative motions pertaining to the discovery deadlines, the court will do so again. However, the admissibility of evidence is an entirely inappropriate subject for a motion for administrative relief.

    It is not clear to the court why plaintiff is requesting an extension of the January 13, 2012 discovery cutoff date. She found the notes that are the subject of this motion on January 19, 2012 and immediately produced them to defendants. She doesn't seek to

conduct additional discovery. It appears that what is actually sought by this request is a *nunc pro tunc* order enlarging the discovery period so that the notes are deemed to have been timely produced. However, plaintiff has not established good cause for such an order given that she hasn't bothered to explain how she found the notes or why she had been unable to find them before the discovery cutoff date. The court finds that plaintiff has not shown that she acted diligently and accordingly, has not shown good cause for the request. It is DENIED.

With regard to the request, ostensibly on defendants' behalf, that they be permitted to take her deposition about the notes to mitigate any prejudice to them for the late disclosure, the request is MOOT in light of the denial of the motion to extend the discovery deadline.

Lastly, with regard to admissibility of the notes, it appears that plaintiff's request assumes that if the notes are deemed to have been timely produced, they would automatically be admissible for use in the summary judgment proceedings and/or at trial. Plaintiff is incorrect. The court has not reviewed the notes but based upon plaintiff's own representation as to their contents, it is evident that they are replete with hearsay and double hearsay, and even if they had been timely produced, their admissibility would surely be the subject of evidentiary objections during summary judgment proceedings or motions *in limine* before trial. Any request for an order as to admissibility without briefing and argument is DENIED.

**IT IS SO ORDERED.**

Dated: February 24, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

2